UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Civil Action No. 03 CV 12501-DPW |

## ABBOTT LABORATORIES'
## ANSWER AND COUNTERCLAIM

Defendant Abbott Laboratories ("Abbott"), for its answer to the Complaint filed by plaintiffs, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively "Hancock"), responds to the corresponding numbered paragraphs of the Complaint as follows:

### Introduction

1.   Abbott admits that Hancock's action purports to be filed pursuant to 28 U.S.C. § 2201 et seq., and that Hancock purports to seek a declaration under that statute. Abbott further admits the existence of a Research Funding Agreement between Abbott and Hancock dated as of March 13, 2001 (the "Agreement") and that an actual controversy exists

between the parties with respect to the Agreement. Abbott denies the remaining allegations of paragraph 1.

**Parties**

2. Abbott, on information and belief, admits John Hancock Life Insurance Company is a Massachusetts corporation having its principal place of business in Boston, Massachusetts and that it, among other things, provides insurance and investment products to customers. Abbott lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of paragraph 2 and, therefore, denies those allegations.

3. Abbott, on information and belief, admits John Hancock Variable Life Insurance Company is a Massachusetts corporation having its principal place of business in Boston, Massachusetts and that, among other things, it provides insurance products to customers. Abbott lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of paragraph 3 and, therefore, denies those allegations.

4. Abbott, on information and belief, admits that Investors Partner Life Insurance Company is a Delaware corporation, having its principal place of business in Boston, Massachusetts. Abbott lacks sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations of paragraph 4 and, therefore, denies those allegations.

5. Abbott admits that it is an Illinois corporation having its principal place of business and headquarters in Abbott Park, Illinois. Abbott admits that it is a broad based health care company. Abbott admits the remaining allegations of paragraph 5.

## Jurisdiction and Venue

6. Abbott admits paragraph 6.

7. Abbott admits that venue is proper in this district and that paragraph 7 sets forth portions of language contained in the Agreement.

8. Abbott admits that an actual controversy exists arising out of Hancock's failure and refusal to honor its payment obligations under the parties' Agreement. Abbott denies the remaining allegations of paragraph 8.

## Facts

9. Abbott admits that on March 13, 2001, Abbott and Hancock entered into a written Agreement under which Hancock committed to pay Abbott millions of dollars to help support Abbott's research and development of certain compounds in exchange for the right to receive potential future milestone and royalty payments that might arise from the development of products from those compounds. Abbott admits that Hancock committed to pay Abbott the millions of dollars it owes under the Agreement in four annual installments from 2001 through 2004. Abbott further admits that it committed, under the terms specified in the Agreement, to also provide millions of dollars in funding towards the research and development of the compounds and, subject to the specific terms and conditions of the Agreement, to spend certain minimum amounts. Abbott denies the remaining allegations of paragraph 9 and refers to the entire Agreement itself for a statement of its terms.

10. Abbott admits the existence of the Agreement and refers to the entire Agreement itself for a statement of its terms. Abbott denies the remaining allegations of paragraph 10.

11. Abbott admits that Hancock paid its first two installments under the Agreement for years 2001 and 2002. Abbott also admits that in December 2002, with Hancock's knowledge, acquiescence and concurrence, it sent Hancock a preliminary plan for 2003 that did not address 2004, and that when Hancock first requested additional information almost nine months later, Thomas Lyons, Abbott's Controller for Global Pharmaceutical Research and Development, sent the information to Hancock. Abbott further states that such information demonstrated that Abbott would meet its Aggregate Spending Target as permitted by the Agreement. Abbott denies the remaining allegations of paragraph 11.

12. Abbott admits that, without any warning, notice or discussion whatsoever, Hancock sent Abbott the October 10, 2003 letter attached to the Complaint at Tab 1, and that Hancock asserts in the letter that its obligation to make its remaining payments under the Agreement, "is terminated." Abbott refers to the October 10, 2003 letter for a complete statement of its terms. Abbott denies that Hancock's obligation to make the remaining payments under the Agreement has terminated, and further denies any remaining allegations of paragraph 12.

13. Abbott admits that it has informed Hancock that Hancock's obligation to make its remaining payments under the Agreement has not terminated. Abbott further admits that it has demanded that Hancock honor its obligation to pay Abbott the multi-million dollar third installment due under the Agreement in December 2003, but that Hancock has refused. Abbott denies the remaining allegations of paragraph 13.

14. Abbott admits that, as part of the parties' efforts to resolve the matter, Abbott's President of its Pharmaceutical Products Division was scheduled to speak with Hancock's

Chairman in a further effort to resolve the parties' differences, but that Hancock, without warning, notice or discussion, filed this suit at the end of the business day before such discussion was to take place, thus ending further discussions. Abbott, therefore, denies paragraph 14 as of the time Hancock filed its Complaint.

### Claim

### COUNT I
### (For a Declaratory Judgment Pursuant to 28 U.S.C. § 2201, *et seq.*)

15. Abbott hereby incorporates by reference and repeats its answers to paragraphs 1-14 of the Complaint set forth above.

16. Abbott denies the first sentence of paragraph 16 in its entirety. Abbott admits that it insists that Hancock is obligated to pay its third installment under the Agreement and that such installment was due in December 2003. Abbott denies the remaining allegations of paragraph 16.

17. Abbott admits paragraph 17.

WHEREFORE, Abbott respectfully requests that the Court dismiss the Complaint, with prejudice, and award Abbott its costs, attorneys' fees and such other relief as the Court deems appropriate.

### AFFIRMATIVE DEFENSES

Abbott hereby asserts the following affirmative defenses, without assuming any burden of proof on such issues that would otherwise rest on plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

Hancock's claims are barred in whole or in part by the doctrine of waiver.

## SECOND AFFIRMATIVE DEFENSE

Hancock's claims are barred in whole or in part by the doctrine of estoppel.

## COUNTERCLAIM

Abbott, for its Counterclaim against John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively "Hancock"), states as follows:

## NATURE OF CLAIM

1. This is an action for breach of contract arising out of Hancock's breach of its obligation to make a multi-million dollar payment to Abbott under a Research Funding Agreement that it entered into with Abbott, and for a declaratory judgment declaring that Hancock must honor its obligation to make a future multi-million payment under that Agreement.

## THE PARTIES

2. Abbott is an Illinois corporation, having its principal place of business in Abbott Park, Illinois. Abbott is in the business of, among other things, researching, developing, and marketing human pharmaceutical products.

3. John Hancock Life Insurance Company is a Massachusetts corporation, having its principal place of business in Boston, Massachusetts. John Hancock Life Insurance Company is in the business of, among other things, investing money for profit. It possesses specialized investment skills across a broad range of asset classes. As of year end 1992, the John Hancock group of companies held assets totaling $97 billion and generated revenues exceeding $8.4 billion.

4.  John Hancock Variable Life Insurance Company is a Massachusetts corporation, having its principal place of business in Boston, Massachusetts. John Hancock Variable Life Insurance Company is in the business of, among other things, investing money for profit and is affiliated with John Hancock Life Insurance Company.

5.  Investors Partner Life Insurance Company is a Delaware corporation, having its principal place of business in Boston, Massachusetts. Investors Partner Life Insurance Company is in the business of, among other things, investing money for profit and is affiliated with John Hancock Life Insurance Company and John Hancock Variable Life Insurance Company.

## THE AGREEMENT

6.  At all times relevant to this action, Abbott was, and is, actively engaged in the research and development of human pharmaceutical products. In or about January, 2000, Hancock became interested in co-funding Abbott's research and development relating to certain compounds in exchange for the right to receive potential future milestone and royalty payments that might arise from the commercial development and sale of products resulting from the compounds.

7.  On March 13, 2001, after a period of negotiations between the parties and investigation by Hancock relating to the relevant compounds, the parties entered into a Research Funding Agreement (the "Agreement"). Under the Agreement, Hancock committed to paying Abbott millions of dollars to help support Abbott's research and development of the compounds covered by the Agreement, in exchange for the right to receive potential future milestone and royalty payments that might arise from development of the compounds. Abbott also committed to funding millions of dollars towards such research and development activities.

8.  The Agreement provides that Hancock shall pay Abbott Hancock's funding in four annual installments, with payment dates of December 1, 2001, 2002, 2003, and 2004.

9.  On or about October 10, 2003, without prior notice or discussion, Hancock informed Abbott that its obligation to make the 2003 and 2004 payments had terminated under the Agreement.

10. Hancock's December 2003 multi-million dollar installment payment is presently due and payable to Abbott under the Agreement.

11. Despite Abbott's repeated demands for payment, Hancock failed to and refused to pay Abbott the third installment presently due under the Agreement.

## COUNT I

## BREACH OF CONTRACT

12. Abbott has performed all conditions precedent to payment by Hancock of the third installment under the Agreement or such conditions have been excused.

13. Hancock's failure to pay Abbott the millions due and owing under the Agreement constitutes a breach of the Agreement.

14. Abbott has been damaged, and continues to be damaged, by Hancock's breach of the Agreement.

WHEREFORE, Abbott respectfully requests that the Court enter judgment in its favor and against Hancock, jointly and severally, in an amount to be proven at trial plus damages, interest, costs of suit, attorneys' fees and such other relief as the Court deems appropriate.

## COUNT II

## DECLARATORY JUDGMENT

15. Hancock's assertion to Abbott that its obligation to make future payments under the Agreement has terminated is meritless.

16. Abbott disputes Hancock's position that its obligation to make further future payments under the Agreement has terminated.

17. A dispute and actual controversy presently exists between Abbott and Hancock as to whether Hancock's obligation to make future payments under the Agreement has terminated.

18. Abbott is entitled, pursuant to 28 U.S.C. § 2201, to entry of a declaratory judgment declaring that Hancock's obligation to make future payments under the Agreement has not terminated.

WHEREFORE, Abbott respectfully requests that the Court enter a judgment declaring that Hancock's obligation to make future payments under the Agreement has not terminated, awarding Abbott its costs and attorneys' fees, and such other relief as the Court deems appropriate.

Respectfully submitted,

ABBOTT LABORATORIES

By: _____
Peter E. Gelhaar, Esq. (BBO #188310)
Michael S. D'Orsi, Esq.(BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

**OF COUNSEL:**

Lawrence R. Desideri, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 1/21/04  *(signature)*

# DONNELLY, CONROY & GELHAAR, LLP

ONE BEACON STREET
33RD FLOOR
BOSTON, MA 02108

TELEPHONE: (617) 720-2880   FACSIMILE: (617) 720-3554

Michael S. D'Orsi
msd@dcglaw.com

January 21, 2004

**BY HAND**

Rebecca Greenberg, Courtroom Clerk
 to the Hon. Douglas P. Woodlock
United States District Court
District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way - Suite 2300
Boston, MA  02210

Re:   John Hancock Life Insurance Company, John Hancock Variable Life Insurance
      Company, and Investors Partner Life Insurance Company
      v. Abbott Laboratories
      United States District Court - District of Massachusetts
      Civil Action No. 03 CV 12501 DPW

Dear Ms. Greenberg:

I enclose for filing Abbott Laboratories Answer and Counterclaim in the above-captioned matter.

Thank you.

Sincerely,

Michael D'O

Michael S. D'Orsi

MSD/jlf
enclosure
cc:   Brian A. Davis, Esq. **(By Hand)**