UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 03-12501-DPW |
| v. | ) ) ) | |
| ABBOTT LABORATORIES, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' ANSWER
## TO DEFENDANT'S COUNTERCLAIM

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively, "John Hancock"), by their attorneys, hereby answer the Counterclaim of defendant, Abbott Laboratories, ("Abbott" or "Abbott Labs") filed against them in the above-captioned action as follows:

### Nature Of Claim

1.  John Hancock admits that the Abbott Labs' Counterclaim, on its face, purports to assert claims arising out of the Research Funding Agreement by and between John Hancock and

Abbott Labs, dated as of March 13, 2001 (the "Agreement"). John Hancock otherwise denies the allegations contained in Paragraph 1 of the Counterclaim.

### The Parties

2. John Hancock admits the allegations contained in Paragraph 2 of the Counterclaim.

3. John Hancock admits that plaintiff John Hancock Life Insurance Company ("John Hancock Life") is a company, duly formed and existing under the laws of the Commonwealth of Massachusetts, and that John Hancock Life maintains its corporate headquarters in Boston, Massachusetts. John Hancock further admits that it is experienced in making certain types of investments. John Hancock otherwise denies the allegations contained in Paragraph 3 of the Counterclaim.

4. John Hancock admits the allegations contained in Paragraph 4 of the Counterclaim.

5. John Hancock admits the allegations contained in Paragraph 5 of the Counterclaim.

### The Agreement

6. John Hancock admits the allegations contained in Paragraph 6 of the Counterclaim.

7. John Hancock admits that the Agreement is dated as of March 13, 2001, and that it was executed after negotiations and certain due diligence. Further answering, John Hancock states that the Agreement speaks for itself. John Hancock otherwise denies the allegations contained in Paragraph 7 of the Counterclaim.

8.  John Hancock states that the Agreement speaks for itself. John Hancock otherwise denies the allegations contained in Paragraph 8 of the Counterclaim.

9.  John Hancock admits that, after requesting and receiving Abbott Labs' final 2002 annual research plan in late September 2003, John Hancock notified Abbot Labs in a letter dated October 10, 2003, that Abbott's decision to reduce its anticipated spending over the Agreement's four year program term below the Agreement's required aggregate spending target automatically terminated John Hancock's obligation to make program payments to Abbott for the third and fourth program years pursuant to the express terms of Section 3.4 of the Agreement. John Hancock otherwise denies the allegations contained in Paragraph 9 of the Counterclaim.

10. John Hancock denies the allegations contained in Paragraph 10 of the Counterclaim.

11. John Hancock denies the allegations contained in Paragraph 11 of the Counterclaim.

## COUNT I
### Breach Of Contract

12. John Hancock denies the allegations contained in Paragraph 12 of the Counterclaim.

13. John Hancock denies the allegations contained in Paragraph 13 of the Counterclaim.

14. John Hancock denies the allegations contained in Paragraph 14 of the Counterclaim.

## COUNT II
## Declaratory Judgment

15. John Hancock denies the allegations contained in Paragraph 15 of the Counterclaim.

16. John Hancock admits the allegations contained in Paragraph 16 of the Counterclaim.

17. John Hancock admits the allegations contained in Paragraph 17 of the Counterclaim.

18. John Hancock denies the allegations contained in Paragraph 18 of the Counterclaim.

## Additional Defenses

### First Additional Defense

Abbott Labs has failed to state a claim upon which relief may be granted.

### Second Additional Defense

Abbott Labs is barred from obtaining any relief against John Hancock by virtue of its unclean hands.

### Third Additional Defense

If Abbott Labs was harmed at all, such harm, on information and belief, was caused by Abbott Labs or its representatives.

### Fourth Additional Defense

Abbott Labs' claim for damages is barred, in whole or in part, by Abbott's own violations of the Agreement.

### Fifth Additional Defense

Abbott Labs' claim for damages is barred, in whole or in part, by Abbott Labs' failure to mitigate its alleged damages.

### Sixth Additional Defense

Abbott Labs' claim for damages is barred by the doctrines of laches, waiver, and/or estoppel.

### Seventh Additional Defense

Abbott Labs' claim for damages is barred by the terms of the Agreement.

### Eighth Additional Defense

Some or all of the damages claimed by Abbott Labs are not recoverable as a matter of law.

### Ninth Additional Defense

Abbott Labs has failed to allege sufficiently any actual controversy between the parties entitling it to declaratory relief.

### Tenth Additional Defense

Abbott Labs' claims are barred by the applicable statutes of limitations.

### Eleventh Additional Defense

John Hancock reserves the right to assert further defenses.

WHEREFORE, John Hancock requests that this Court dismiss Defendant's Counterclaim with prejudice, that judgment be entered in favor of John Hancock and against Defendant with respect to all of Defendant's claims against John Hancock, and that John Hancock be awarded

the costs of this action, together with such other and further relief as may be appropriate.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
INVESTORS PARTNER LIFE INSURANCE

By their attorneys,

*/s/ Raymond O'Brien*

Brian A. Davis (BBO No. 546462)
Michael Arthur Walsh (BBO No. 514875)
Raymond A. O' Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tele: 617-248-5000

Date:  February 17, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Answer to Defendant's Counterclaim was served upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108, by facsimile and by first-class mail, postage prepaid, this 17th day of February, 2004.

_____
Raymond A. O'Brien

365706lv1

## CHOATE, HALL & STEWART

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 • FAX (617) 248-4000

WWW.CHOATE.COM

RAYMOND A. O'BRIEN
DIRECT DIAL: (617) 248-2117
EMAIL: ROBRIEN@CHOATE.COM

February 17, 2004

**BY HAND**

Clerk of Court
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re:   *John Hancock Life Insurance Company, et al. v. Abbott Laboratories*
      U.S.D.C. (D. Mass.), Civil Action No. 03-12501-DPW

Dear Sir or Madam:

Enclosed for filing in the above-referenced action, please find an original copy of Plaintiffs' Answer to Defendant's Counterclaim. Kindly acknowledge receipt of this document by date stamping the enclosed copy of this letter and returning it to the awaiting messenger.

Thank you for your attention to this matter. Please do not hesitate to contact me at (617) 248-2117 if you have any questions.

Very truly yours,

Raymond A. O'Brien

RAO:sr:3645745_1.DOC
Enclosure
cc:   Peter E. Gelhaar, Esq. *(by facsimile and first-class mail, w/encl.)*
      Brian A. Davis, Esq. *(w/encl.)*

3658430v1