UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY,<br><br>        Plaintiffs/Counter-Defendants,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendant/Counter-Plaintiff. | CIVIL ACTION NO.<br>03-12501-DPW |

## JOINT STATEMENT
## PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1(D) and the Court's January 22, 2004 Order, plaintiffs/counter-defendants John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively, "John Hancock"), and defendant/counter-plaintiff Abbott Laboratories ("Abbott"), hereby submit the following joint statement:

1. **Agenda of Matters to be Discussed at the March 30, 2004 Scheduling Conference.**

    a. Entry of a proposed stipulated protective order governing the treatment of confidential and/or proprietary materials produced in discovery;

    b. Pre-trial schedule and discovery matters;

    c. Trial by magistrate judge; and

    d. Report on settlement discussion status.

2. **Rule 26(f) Conference.**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), a conference was held on March 8, 2004 and was attended in person by Brian A. Davis and Raymond A. O'Brien for John Hancock, Michael S. D'Orsi for Abbott, and via telephone by Lawrence R. Desideri for Abbott. This Joint Statement reports the results of that conference and, except where indicated, jointly proposes a discovery plan and pre-trial schedule as follows.

3. **Rule 26(a)(1) Initial Disclosures.**

Pursuant to the Court's Order of January 22, 2004, the parties have agreed to the exchange of the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by April 13, 2004.

4. **Subjects of Discovery.**

   a. **Abbott's Proposal**

   The pleadings demonstrate that this is simply a contract interpretation case concerning a Research Funding Agreement between Abbott and John Hancock (the "Funding Agreement"), and John Hancock's obligation to make certain payments to Abbott thereunder. Consequently, discovery should be limited to the negotiation, drafting, course of dealing, and interpretation of the Funding Agreement.

   b. **John Hancock's Proposal**

   John Hancock's Complaint raises various issues regarding the proper interpretation of the Funding Agreement. There are other potential disputes concerning the Funding Agreement, however, that have been discussed between the parties. Discovery concerning Abbott's performance of its obligations under the Funding Agreement will disclose whether additional actual disputes exist, and whether it will be necessary for John Hancock to seek leave to amend its

Complaint in order to ensure that all of the disputes arising under the parties' Funding Agreement are resolved in a single proceeding.

5.  **Limitations on Discovery.**

The proposals set forth below are subject to further motions by the parties, either jointly or individually.

    a.  **Joint Proposal as to Agreed-On Limitations on Discovery**

The parties have agreed to a limit of ten (10) depositions per side (consisting of one, seven hour day each), and twenty-five (25) requests to admit per side. John Hancock believes that these initial discovery limits may need to be expanded depending on the results of the parties' initial round of discovery. Abbott believes that no departure from the limitations set forth in Local Rule 26.1(C) is necessary in this case.

The parties have not reached agreement as to certain other issues regarding discovery limitations. Their respective positions are set forth as follows.

    b.  **Abbott's Proposal as to Unresolved Limitations on Discovery**

Abbott believes that no departure from the limitations set forth in Local Rule 26.1(C), specifically twenty-five (25) interrogatories and two (2) sets of requests for production per side, is necessary in this case.

With respect to experts, Abbott does not expect that expert testimony will be necessary in the context of this narrow contract interpretation litigation because the amounts at issue are specific payments set forth in the Funding Agreement. Should expert witnesses be permitted, however, Abbott proposes that only one expert witness be allowed per side, and that the

deposition of such expert be limited to one, seven-hour day as provided by Fed. R. Civ. P. 30(d)(2).

**c.** **John Hancock's Proposal as to Unresolved Limitations on Discovery**

John Hancock believes that this matter potentially is more complex than Abbott suggests, and that it simply is too early to impose the absolute discovery limitations Abbott seeks. Accordingly, John Hancock proposes that each party be entitled to fifty (50) interrogatories and three (3) sets of requests for production of documents. With respect to experts, John Hancock also believes that it is too early in the litigation to place any limitation on the number or kind of experts that any party may use. John Hancock agrees, however, that the deposition of each expert should be limited to one, seven-hour day, pursuant to Fed. R. Civ. P. 30(d)(2).

**6.** **Scheduling.**

The proposals set forth below are subject to further motions by the parties, either jointly or individually.

**a.** **Joint Proposal as to Agreed-On Scheduling Issues**

The parties agree that formal phasing of discovery is not necessary in this litigation.

The parties agree that the initial disclosures required by Fed. R. Civ. P. 26(a)(1) should be due on or before April 13, 2004.

The parties agree that dispositive motions and opening briefs should be filed on or around thirty days after the close of all discovery, with thirty days allowed for a response and fifteen days allowed for a reply. The final pre-trial conference should take place thirty days after filing of said replies.

The parties have not reached agreement as to certain other scheduling issues. The parties' respective positions on these issues are set forth below.[1]

**b.      Abbott's Proposal as to Unresolved Scheduling Issues**

In addition to the proposal set forth in Section 6(a) above, Abbott proposes the following additional deadlines for the timing of discovery and other matters.

| Event | Proposed Deadlines |
|---|---|
| Joinder of Other Parties | May 28, 2004 |
| Amendment of Pleadings | May 28, 2004 |
| Completion of Fact Discovery | July 30, 2004 |
| Filing Dispositive Motions and Opening Briefs | August 31, 2004 |
| Response Briefs on Dispositive Motions | September 30, 2004 |
| Reply Briefs on Dispositive Motions | October 15, 2004 |
| Final Pre-Trial Conference | November 15, 2004 |
| Trial | January, 2005 |

---

[1] Because the parties do not agree on the scheduling of certain events occurring prior to dispositive motions and pre-trial conference, the specific calendar dates for dispositive motions and pre-trial conference differ for each side. These specific dates are incorporated in the parties' respective schedules below.

Joint Statement -- Final Version.DOC

- 5 -

As mentioned in Section 5(b) above, Abbott believes that expert witnesses are unnecessary in the context of this narrow contract interpretation litigation, and, accordingly, its schedule above does not provide for expert discovery. Should expert witnesses be permitted, however, Abbott proposes the following alternative deadlines for the timing of discovery and other matters, which includes expert discovery.

| Event | Proposed Deadlines |
|---|---|
| Joinder of Other Parties | May 28, 2004 |
| Amendment of Pleadings | May 28, 2004 |
| Completion of Fact Discovery | July 30, 2004 |
| Initial Expert Reports | August 31, 2004 |
| Rebuttal Expert Reports | September 21, 2004 |
| Close of Expert Discovery | October 21, 2004 |
| Filing Dispositive Motions and Opening Briefs | November 22, 2004 |
| Response Briefs on Dispositive Motions | December 22, 2004 |
| Reply Briefs on Dispositive Motions | January 6, 2005 |
| Final Pre-Trial Conference | February 7, 2005 |
| Trial | April, 2005 |

c. **John Hancock's Proposal as to Unresolved Scheduling Issues**

In addition to the proposal set forth in Section 6(a) above, John Hancock proposes the following additional deadlines for the timing of discovery and other matters.

| Event | Proposed Deadlines |
|---|---|
| Joinder of Other Parties | June 30, 2004 |
| Amendment of Pleadings | August 31, 2004 |
| Completion of Fact Discovery | February 28, 2005 |
| Initial Expert Reports | March 31, 2005 |
| Rebuttal Expert Reports | April 21, 2005 |
| Close of Expert Discovery | May 31, 2005 |
| Filing Dispositive Motions and Opening Briefs | June 30, 2005 |
| Response Briefs on Dispositive Motions | August 1, 2005 |
| Reply Briefs on Dispositive Motions | August 15, 2005 |
| Final Pre-Trial Conference | September 15, 2005 |
| Trial | December, 2005 |

7. **Protective Order.**

The parties will request that, pursuant to Fed. R. Civ. P. 26(c), the Court enter a stipulated protective order governing the handling of confidential and/or proprietary materials produced in discovery. The parties will attempt to agree upon the text of a proposed order by the time of the scheduling conference on March 30, 2004.

8. **Trial by Magistrate Judge.**

The parties do not consent to trial by Magistrate Judge.

9. **Settlement.**

The parties have engaged in settlement negotiations and have exchanged written settlement proposals pursuant to Local Rule 16.1(C). The parties agree that at present, settlement is not likely.

10. **Certifications Pursuant to Local Rule 16.1(D)(3).**

   a. Abbott's certification is attached hereto as Exhibit A.

   b. John Hancock's certification is attached hereto as Exhibit B.

| ABBOTT LABORATORIES:<br>By its attorneys | JOHN HANCOCK LIFE INSURANCE COMPANY; JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY; and INVESTORS PARTNER LIFE INSURANCE COMPANY:<br>By their attorneys |
|---|---|
| */s/ Michael D'Orsi*<br>Peter E. Gelhaar (BBO #188310)<br>Michael S. D'Orsi (BBO #566960)<br>DONNELLY, CONROY & GELHAAR, LLP<br>One Beacon Street, 33d Floor<br>Boston, MA 02108<br>Tele: (617) 720-2880 | */s/ Raymond O'Brien*<br>Brian A. Davis (BBO # 546462)<br>Raymond A. O'Brien (BBO # 629753)<br>CHOATE, HALL & STEWART<br>Exchange Place<br>53 State Street<br>Boston, MA 02109<br>Tele: (617) 248-5000 |

Lawrence R. Desideri (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tele: (312) 558-5600

Date: March 23, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/(by hand)

Date: 3/23/04  /s/ Michael D'O