UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| John Hancock Life Insurance Company, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C.A. No. 03-12501-DPW |
| Abbott Laboratories, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT
ABBOTT LABORATORIES TO PRODUCE DOCUMENTS AND PROVIDE
SUBSTANTIVE RESPONSES TO CERTAIN DISCOVERY REQUESTS**

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively, "John Hancock" or "Plaintiffs") respectfully request that this Court issue an order requiring Abbott Laboratories ("Abbott") to produce documents and provide substantive responses to certain of Plaintiffs' discovery requests. The discovery requests at issue ("Discovery Requests") seek information directly relevant to the claims asserted in this action, as well as the defenses raised by Abbott. Nonetheless, Abbott has asserted unfounded objections and refused to provide complete responses to various Discovery Requests. Because Abbott has no legitimate basis to refuse to respond fully and completely to John Hancock's Discovery Requests, or to refuse to produce all of the responsive documents requested therein, John Hancock respectfully requests the issuance of an order directing Abbott (1) to provide substantive, supplemental responses to John Hancock's Discovery Requests, and (2) to produce all non-privileged documents in its possession, custody or control that are responsive to those Discovery Requests.[1]

---

[1] Discovery in this action has proceeded on an abbreviated schedule since March 2004 at Abbott's request. Notwithstanding the fact that Abbott did not complete its first production of documents responsive to John Hancock's Discovery Requests until June 30, 2004, fact discovery currently is scheduled to end on July 30, 2004,

In support of this Motion, John Hancock relies on the arguments set forth in Plaintiffs' Memorandum In Support Of Their Motion To Compel Defendant Abbott Laboratories To Produce Documents and Provide Substantive Responses to Certain Discovery Requests.

WHEREFORE, John Hancock respectfully requests that this Court:

1. Grant its Motion to Compel and issue and Order requiring Abbott to:

    a) provide supplemental responses to, and produce all non-privileged documents responsive to, John Hancock's First Requests for Production ("Document Requests") that seek all documents concerning Abbott's 2001 and 2002 Annual Research Plans and Abbott's 2001-2004 Status Reports (Request Nos. 9, 10 and 14);

    b) provide supplemental responses to, and produce all non-privileged documents responsive to, John Hancock's Document Requests that seek all documents concerning Abbott's 2003 Annual Research Plans (Request Nos. 11-12);

    c) provide supplemental responses to, and produce all non-privileged documents responsive to, John Hancock's Document Requests that seek all documents concerning Abbott's intended and reasonably expected expenditures on Program Related Costs at all times during the Program Term (Request Nos. 15-20);

    d) provide supplemental responses to, and produce all non-privileged documents responsive to, John Hancock's Document Requests that seek all documents concerning the Research Funding Agreement (Request No. 1), all communication relating to the Agreement (Request Nos. 2-4), Abbott's and John Hancock's relevant obligations under the Agreement (Request Nos. 5-6), and Abbott's and John Hancock's relevant performance under the Agreement (Request Nos. 7-8); and,

    e) provide complete, non-evasive responses to John Hancock's Request for Admissions Nos. 2, 5, and 15.

---

and all summary judgment motions must be filed by September 17, 2004. John Hancock intends to seek expedited resolution of this motion in order to ensure that any additional discovery ordered by the court is completed reasonably in advance of summary judgment briefing. John Hancock reserves the right, however, to seek additional time to complete discovery and pursue summary judgment if necessary to achieve that goal.

     2.     Award John Hancock such additional and further relief as deemed appropriate by the Court.

Respectfully Submitted,

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, AND INVESTORS PARTNER LIFE INSURANCE COMPANY,

By Their Attorneys,

/s/          Karen Collari Troake
Brian A. Davis (BBO No. 546462)
Michael Arthur Walsh (BBO No. 514875)
Karen Collari Troake (BBO No. 566922)
Raymond A. O'Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109-2891
(617) 248-5000

Dated:  July 29, 2004

3

**Certification of Counsel**

Pursuant to Fed. R. Civ. P. 37(a)(2)(B) and LR 7.1(A)(2) and 37.1, undersigned counsel for John Hancock hereby certifies that, on July 1, 2004, July 16, 2004, and July 23, 2004, counsel for John Hancock conferred in good faith with counsel for Abbott in an effort to obtain responses to the Discovery Requests without court action, and that these conferences failed to yield a commitment from Abbott to provide the responses or documents sought herein, such that this motion might have been avoided.

/s/    Karen Collari Troake_____
Karen Collari Troake

3726951_2.DOC