UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John Hancock Life Insurance Company, *et al.*, | ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) C.A. No. 03-12501-DPW <br> ) |
| Abbott Laboratories, | ) <br> ) |
| Defendant. | ) <br> ) |

**AFFIDAVIT OF RAYMOND A. O'BRIEN IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DEFENDANT
ABBOTT LABORATORIES TO PRODUCE DOCUMENTS AND
PROVIDE SUBSTANTIVE RESPONSES TO CERTAIN DISCOVERY REQUESTS**

I, Raymond A. O'Brien, hereby state under oath that:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts. I am a partner in the law firm of Choate, Hall & Stewart. My firm represents Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively, "John Hancock" or "Plaintiffs") in this action against Defendant Abbott Laboratories ("Abbott").

2. On March 30, 2004, this Court held a hearing and issued a scheduling order defining the scope of discovery and setting July 30, 2004 as the deadline for the close of discovery for this matter.

3. Attached hereto as Exhibit A is a true and accurate copy of the transcript of the March 30, 2004 hearing proceedings.

4. Attached hereto as Exhibit B is a true and accurate copy of the Court's March 30, 2004 Scheduling Order.

3726901v2

5. On April 8, 2004, John Hancock served Abbott with its First Request for Production of Documents, First Set of Interrogatories, and First Set of Admissions.

6. Attached hereto as <u>Exhibit C</u> is a true and accurate copy of John Hancock's First Request For Production of Documents.

7. Attached hereto as <u>Exhibit D</u> is a true and accurate copy of John Hancock's First Set of Interrogatories.

8. Attached hereto as <u>Exhibit E</u> is a true and accurate copy of John Hancock's First Request for Admissions.

9. Abbott's written responses to John Hancock's discovery requests were served on March 17, 2004, but were not accompanied by any responsive documents.

10. Attached hereto as <u>Exhibit F</u> is a true and accurate copy of Abbott's Response to John Hancock's First Request for Production of Documents.

11. Attached hereto as <u>Exhibit G</u> is a true and accurate copy of Abbott's Response to John Hancock's First Set of Interrogatories.

12. Attached hereto as <u>Exhibit H</u> is a true and accurate copy of Abbott's Response to John Hancock's First Request for Admissions.

13. During May, 2004, I made several phone calls to Abbott's counsel to discuss the status of Abbott's document production. Abbott's counsel informed me that Abbott's production would take place two weeks after John Hancock's document production, and that it would commence no later than the first week of June, 2004. I also was informed that Abbott estimated that its production would constitute no more than 10 boxes of documents.

3726901v2

14.     John Hancock did not receive documents from Abbott until June 16, 2004.  On that date, Abbott made a partial production of just over one thousand (1,000) pages.  Two days later, on June 18, 2004, Abbott made another partial production of 461 pages.

15.     Abbott completed its production on June 30, 2004 with the production of an additional 460 pages of responsive documents.  To date, including a few small supplemental productions, Abbott's total production equals 2,069 pages.  Abbott has represented that its production is "complete."

16.     In contrast, John Hancock has produced over 11,000 pages of documents in response to Abbott's discovery requests.

17.     By letter dated June 24, 2004, John Hancock notified Abbott of numerous deficiencies in Abbott's responses to John Hancock's First Request for Production of Documents, First Set of Interrogatories, and First Request for Admissions.

18.     Attached hereto as <u>Exhibit I</u> is a true and accurate copy of John Hancock's June 24, 2004 letter to Abbott.

19.     On July 1, 2004, I participated in a meet-and-confer teleconference with Stephen D'Amore, Abbott's counsel, regarding the deficiencies in Abbott's responses to John Hancock's discovery requests.  During that call, which lasted approximately three hours, Abbott indicated that it likely would not produce any documents relating to the 2001 and 2002 Annual Research Plans.  Abbott requested that John Hancock narrow other requests so that, for example, scientific documents pertaining to the Program Compounds would not fall under John Hancock's requests.

20.     On July 8, 2004, I sent a letter (by facsimile and first class mail) to counsel for Abbott in which John Hancock narrowed eight (8) of John Hancock's initial requests, and requested that Abbott respond to these narrowed requests.

3726901v2

21. Attached hereto as <u>Exhibit J</u> is a true and accurate copy of my July 8, 2004 letter to Abbott.

22. By letter dated July 13, 2004, Abbott, through counsel, responded to John Hancock's July 8, 2004 letter. Abbott's July 13, 2004 letter indicated that Abbott would not agree to amend its responses and objections with respect to: John Hancock Request for Documents Nos. 1-8, 9-12, 14, and 15-20; and, John Hancock Request for Admissions Nos. 2, 5, and 15. To date, with the exception of a small production of color copies of documents previously produced, it is my understanding that Abbott has not produced a single document in response to the substantive issues discussed during the meet-and-confer teleconference held on July 1, 2003 or John Hancock's July 8, 2004 letter.

23. Attached hereto as <u>Exhibit K</u> is a true and accurate copy of Abbott's July 13, 2004 letter.

24. On July 16, 2003, at John Hancock's request, the parties participated in a further, in-person meet-and-confer session in an attempt to resolve the parties' disputes amicably. Counsel for Abbott indicated that he would confer with Abbott in a final effort to determine whether Abbott would produce any additional documents responsive to John Hancock's requests. On July 23, 2004, Abbott proposed that it would produce additional documents concerning the 2003 and 2004 ARPs, but only if John Hancock agreed to (a) withdraw its requests concerning the 2001 and 2002 ARPs, and (b) further narrow its requests concerning the 2003 and 2004 ARPs in accordance with the deposition testimony of Abbott employee, Thomas Lyons. Because John Hancock believes that documents concerning all ARPs are relevant to the issues in dispute, and because it believes that its requests are properly tailored, John Hancock -- after due consideration -- declined to accept Abbott's proposal.

25. Attached hereto as <u>Exhibit L</u> is a true and accurate copy of Abbott's First Set of Requests for Production.

26. It is my understanding that Abbott's production to date does not include documents relating to payments made or received by Abbott under the Research Funding Agreement or documents reflecting the Abbott's accounting treatment of the Research Funding Agreement subsequent to the March 13, 2001 execution date.

27. Attached hereto as <u>Exhibit M</u> is a true and accurate copy of Abbott's September 22, 2003 letter to John Hancock.

28. Attached hereto as <u>Exhibit N</u> are true and accurate copies of the unpublished decisions cited within Plaintiffs' Memorandum in support of Plaintiffs' Motion to Compel.

Signed under the pains and penalties of perjury, this 29th day of July, 2004.

/s/  Raymond A. O'Brien
Raymond A. O'Brien

3726901v2