# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | CIVIL ACTION NO. 03-12501-DPW |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively, "John Hancock"), by their attorneys, hereby request, pursuant to Fed. R. Civ. P. 26 and 34 and the Local Rules of this Court, that defendant Abbott Laboratories ("Abbott") respond and produce the documents and things identified herein at the offices of Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, within thirty (30) days from service hereof.

### Definitions

For purposes of this request for production, John Hancock adopts the "Uniform Definitions in Discovery Requests" contained in Local Rule 26.5. The following terms shall have the meanings set forth below:

1. "You," "your" and "Abbott" shall mean defendant Abbott Laboratories, its various corporate parents, subsidiaries, affiliates, subdivisions and departments, and any and all representatives, successors, assigns, officers, directors, employees, agents, attorneys or other persons or entities who have acted or purported to act for or on behalf of any of them.

2. "John Hancock" shall mean collectively defendants John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company, their various subsidiaries, affiliates, divisions and departments, and any and all representatives, successors, assigns, officers, directors, employees, agents, attorneys or other persons or entities who have acted or purported to act for or on behalf of any of them.

3. The "Counterclaim" shall mean the Counterclaim that Abbott filed on or about January 21, 2004.

4. Abbott's "First Affirmative Defense" shall mean the First Affirmative Defense that Abbott asserted in its Answer and Counterclaim, filed on or about January 21, 2004.

5. Abbott's "Second Affirmative Defense" shall mean the Second Affirmative Defense that Abbott asserted in its Answer and Counterclaim, filed on or about January 21, 2004.

6. "And" as well as "or" shall be construed both disjunctively and conjunctively to mean "and/or."

7. "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

8. "Research Funding Agreement" shall mean the Research Funding Agreement by and between Abbott and John Hancock, dated as of March 13, 2001.

9. "Program Term" shall have the meaning defined in the Research Funding Agreement.

10. "Aggregate Spending Target" shall have the meaning defined in the Research Funding Agreement.

11. "Annual Research Plan" shall have the meaning defined in the Research Funding Agreement.

12. "Program Related Costs" shall have the meaning defined in the Research Funding Agreement.

## Instructions

1. Unless otherwise specified, these document requests seek documents created or received at any time from January 1, 2000, to the present.

2. In construing each document request, the singular form of a word shall be interpreted as plural and the plural as singular as necessary to bring within the scope of the request any information or documents that might otherwise be construed to be outside its scope.

3. Each document request shall be construed independently and not with reference to any other request herein for purposes of limitation, unless a request so specifies.

4. Pursuant to Fed. R. Civ. P. 26(e), each document request propounded herein shall be deemed to be continuing and, in the event you discover further information or documents that are responsive or that alter or augment the answers now given, you must promptly provide John Hancock with such information by amended or supplemental responses and supplemental document production(s).

5. The information and documents called for by these requests include all information and documents in your possession, custody or control wherever located, including without limitation in the possession or custody of your present or former attorneys, accountants, financial advisors, consultants, auditors, or investigators.

6. If you object to any of the following document requests, state the grounds for your objection with particularity. If you object to a portion or part of any document request, state the grounds for your objection to that portion or part with particularity and respond to the portion or part of the request to which you have not objected.

7. With respect to any document that is responsive to these requests for which Abbott claims a privilege or which Abbott otherwise claims is not subject to production, Abbott shall provide a log or list describing each withheld document, and stating separately with respect to each such document:

    (a) the type of document (*e.g.*, letter, memorandum, computer diskette, *etc.*);

    (b) the date of the document;

    (c) the title of the document;

    (d) the author(s) of the document;

    (e) the intended and actual recipients of the document;

    (f) the general subject matter of the document; and

    (g) the factual and/or legal basis(es) for your claim of privilege or ground(s) for non-production asserted with respect to the document.

8. Abbott shall produce the responsive documents and things either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in these requests. If Abbott possesses no documents or things responsive to a particular request, Abbott shall so state in its response.

9. Each request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

10. Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either Abbott's business or personal files, together with a copy of the descriptive file folder or database category in its entirety.

11. If Abbott objects to any request made herein as unduly broad, Abbott shall identify the categories of documents within the scope of the request that it believes are properly discoverable, shall produce all such documents, and shall state, with particularity, its reason for asserting that the remainder of the request seeks documents that are beyond the scope of permissible discovery.

### Specific Document Requests

1. All documents concerning the Research Funding Agreement, including, without limitation, documents concerning the negotiation, drafting, terms, execution, interpretation, construction, implementation, enforcement, or enforceability of the Research Funding Agreement or any term or provision of the Research Funding Agreement.

2. All documents concerning any communication between Abbott and John Hancock concerning the Research Funding Agreement or the subject matter of the Research Funding Agreement.

3. All documents concerning any communication within Abbott regarding the Research Funding Agreement or the subject matter of the Research Funding Agreement.

4. All documents concerning any communication between Abbott and any other person concerning the Research Funding Agreement or the subject matter of the Research Funding Agreement.

5.  All documents concerning Abbott's obligations under the Research Funding Agreement.

6.  All documents concerning John Hancock's obligations under the Research Funding Agreement.

7.  All documents concerning Abbott's performance or non-performance of its obligations under the Research Funding Agreement.

8.  All documents concerning John Hancock's actual or alleged performance or non-performance of its obligations under the Research Funding Agreement.

9.  All documents concerning Abbott's 2001 Annual Research Plan, including, without limitation, all drafts, revisions and supporting documentation and data.

10. All documents concerning Abbott's 2002 Annual Research Plan, including, without limitation, all drafts, revisions and supporting documentation and data.

11. All documents concerning Abbott's 2003 Preliminary Annual Research Plan, including, without limitation, all drafts, revisions and supporting documentation and data.

12. All documents concerning Abbott's 2003 Final Annual Research Plan, including, without limitation, all drafts, revisions and supporting documentation and data.

13. All documents concerning any actual or potential error or inaccuracy in any of Abbott's Annual Research Plans, including, without limitation, all communications, memoranda, correspondence or proposed corrections.

14. All documents concerning any research, development or status report provided by Abbott to John Hancock pursuant to the Research Funding Agreement, or required by the Research Funding Agreement.

15. All documents concerning Abbott's intent and reasonable expectation regarding its expenditures on Program Related Costs during the Program Term of the Research Funding Agreement.

16. All documents concerning whether, as of December 2001, Abbott intended and reasonably expected that expenditures on Program Related Costs would exceed the Aggregate Spending Target for the Program Term of the Research Funding Agreement.

17. All documents concerning whether, as of December 2002, Abbott intended and reasonably expected that expenditures on Program Related Costs would exceed the Aggregate Spending Target for the Program Term of the Research Funding Agreement.

18. All documents concerning whether, as of December 2003, Abbott intended and reasonably expected that expenditures on Program Related Costs would exceed the Aggregate Spending Target for the Program Term of the Research Funding Agreement.

19. All documents concerning Abbott's intended and reasonably expected expenditures on Program Related Costs through December 31, 2004.

20. All documents concerning whether Abbott currently intends and reasonably expects that expenditures on Program Related Costs will exceed the Aggregate Spending Target for the Program Term of the Research Funding Agreement.

21. All documents concerning the length of the Program Term.

22. All documents concerning Abbott's understanding of the length of the Program Term, including, without limitation, documents concerning the understanding of any individual Abbott employees.

23. All documents concerning Abbott's First Affirmative Defense.

24. All documents concerning Abbott's Second Affirmative Defense.

25. All documents concerning Abbot's allegation that "Hancock's December 2003 multi-million dollar installment payment is presently due and payable to Abbott under the Agreement" as stated in Paragraph 10 of the Counterclaim.

26. All documents concerning Abbot's allegation that "Abbott has performed all conditions precedent to payment by Hancock of the third installment under the Agreement or such conditions have been excused" as stated in Paragraph 12 of the Counterclaim.

27. All documents concerning dealings between Abbott and John Hancock concerning the implementation of the Research Funding Agreement, including but not limited to all documents concerning communications between Abbot and John Hancock concerning the implementation of the Research Funding Agreement.

28. All documents concerning Abbott's damages as alleged in Count I of the Counterclaim.

29. All documents concerning Abbott's damages as alleged in Count II of the Counterclaim.

30. All documents identified in Abbott's response to John Hancock's First Set of Interrogatories.

31. All documents included within the categories of documents disclosed by Abbott in its Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1).

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE
LIFE INSURANCE COMPANY, and
INVESTORS PARTNER LIFE INSURANCE

By their attorneys,

*/s/ Raymond O'Brien*

Brian A. Davis (BBO No. 546462)
Michael Arthur Walsh (BBO No. 514875)
Raymond A. O'Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tele: 617-248-5000

Date: April 8, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' First Request for Production of Documents was served upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108, by hand delivery, this 5th day of April, 2004.

_____
Raymond A. O'Brien

3677091_3.DOC