# Exhibit D

Case 1:03-cv-12501-DPW    Document 17-5    Filed 07/29/2004    Page 1 of 9

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 03-12501-DPW |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively, "John Hancock"), by their attorneys, hereby request, pursuant to Fed. R. Civ. P. 26 and 33 and the Local Rules of this Court, that defendant Abbott Laboratories ("Abbott") respond to the interrogatories set forth herein, within thirty (30) days of service hereof.

### Definitions

For purposes of these interrogatories, John Hancock adopts the "Uniform Definitions in Discovery Requests" contained in Local Rule 26.5. The following terms shall have the meanings set forth below:

1. "You," "your" and "Abbott" shall mean defendant Abbott Laboratories, its various corporate parents, subsidiaries, affiliates, subdivisions and departments, and any and all

representatives, successors, assigns, officers, directors, employees, agents, attorneys or other persons or entities who have acted or purported to act for or on behalf of any of them.

2. "John Hancock" shall mean collectively defendants John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company, their various subsidiaries, affiliates, divisions and departments, and any and all representatives, successors, assigns, officers, directors, employees, agents, attorneys or other persons or entities who have acted or purported to act for or on behalf of any of them.

3. The "Counterclaim" shall mean the Counterclaim that Abbott filed on or about January 21, 2004.

4. Abbott's "First Affirmative Defense" shall mean the First Affirmative Defense that Abbott asserted in its Answer and Counterclaim, filed on or about January 21, 2004.

5. Abbott's "Second Affirmative Defense" shall mean the Second Affirmative Defense that Abbott asserted in its Answer and Counterclaim, filed on or about January 21, 2004.

6. "And" as well as "or" shall be construed both disjunctively and conjunctively to mean "and/or."

7. "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

8. "Research Funding Agreement" shall mean the Research Funding Agreement by and between Abbott and John Hancock, dated as of March 13, 2001.

9. "Program Term" shall have the meaning defined in the Research Funding Agreement.

10. "Aggregate Spending Target" shall have the meaning defined in the Research Funding Agreement.

11. "Annual Research Plan" shall have the meaning defined in the Research Funding Agreement.

12. "Program Related Costs" shall have the meaning defined in the Research Funding Agreement.

### Instructions

1. Unless otherwise specified, the relevant time period for these interrogatories is January 1, 2000, to the present.

2. In construing each interrogatory, the singular form of a word shall be interpreted as plural and the plural as singular as necessary to bring within the scope of the interrogatory any information or document that might otherwise be construed to be outside its scope.

3. Each interrogatory shall be construed independently and not with reference to any other interrogatory herein for purposes of limitation, unless an interrogatory so specifies.

4. Pursuant to Fed. R. Civ. P. 26(e), each interrogatory propounded herein shall be deemed to be continuing and, in the event you discover further information that is responsive or that alters or augments the answers now given, you must promptly provide John Hancock with such information by amended or supplemental responses.

5. The information called for by these interrogatories includes all information in your possession, custody or control wherever located, including without limitation in the possession or custody of your present or former attorneys, accountants, financial advisors, consultants, auditors, or investigators.

6. If you object to any of the following interrogatories, state the grounds for your objection with particularity. If you object to a portion or part of any interrogatory, state the

grounds for your objection to that portion or part with particularity and respond to the portion or part of the interrogatory to which you have not objected.

7. If you cannot answer an interrogatory after conducting a reasonable investigation, including inquiring with employees, agents, servants, and attorneys, past and present, and examining all documents which would enable you to make complete and true answers, you should so state and answer to the extent that you are able, stating what information you have, what information you cannot provide, and exactly what efforts you have made to obtain the unknown information.

8. With respect to any information that is responsive to these interrogatories for which Abbott claims a privilege, or which Abbott claims is otherwise not subject to discovery, please provide to John Hancock a list describing:

    (a)    the general subject matter of the information;

    (b)    the basis for the claim of privilege;

    (c)    the part of the interrogatory to which the privileged information is responsive; and

    (d)    the identity of each person who had, or currently has, possession of the information.

9. If Abbott objects to any interrogatory herein as unduly broad, Abbott shall identify the categories of information within the scope of the interrogatory that it believes are properly discoverable, shall answer said interrogatory, and shall state, with particularity, its reason for asserting that the remainder of the interrogatory seeks information that is beyond the scope of permissible discovery.

### Interrogatories

1. Please identify each and every person involved in answering these interrogatories on Abbott's behalf, identifying each interrogatory that each such person assisted in answering,

and identifying all persons or entities Abbott consulted in responding to these interrogatories, including the information that each person or entity provided.

2. Please identify each and every person involved in the negotiation, drafting, and implementation of the Research Funding Agreement, and describe in detail each such person's role concerning these activities.

3. Please identify each and every person involved in Abbott's decision to enter into the Research Funding Agreement, and describe in detail each such person's role in the decision-making process.

4. Please identify each and every person who participated in any way in the process of obtaining Abbott's approval of the Research Funding Agreement, and describe in detail each such person's role in the approval process.

5. Please describe in detail the process by which Abbott created each Annual Research Plan, preliminary, final or otherwise, including in your answer, but not limiting your answer to, the name and title of each person who participated in any way in the process and a description of the role that each person played in the process.

6. Is any of the information contained in any of the Annual Research Plans, preliminary, final or otherwise, that Abbott provided to John Hancock inaccurate in any way?

7. If your answer to Interrogatory No. 6, *supra*, is anything other than an unqualified negative, please describe in detail each inaccuracy of which Abbott currently is aware, and state when Abbot first learned of each such inaccuracy.

8. Please identify each and every person involved in the development, drafting, and preparation of any research, development or status report provided by Abbott to John Hancock

pursuant to the Research Funding Agreement, or required by the Research Funding Agreement, and describe in detail the role played by each such person.

9.  Please identify each and every person involved in communications or deliberations concerning Abbott's intent and expectation regarding its expenditures on Program Related Costs during the Program Term of the Research Funding Agreement, and describe in detail the role played by each such person.

10. Please state the date by which Abbott currently believes its expenditures on Program Related Costs will meet the Aggregate Spending Target, and state the basis for that belief.

11. Please state the basis for Abbott's First Affirmative Defense.

12. Please state the basis for Abbott's Second Affirmative Defense.

13. Please state the basis for Abbott's allegation in Paragraph 10 of the Counterclaim that "Hancock's December 2003 multi-million dollar installment payment is presently due and payable to Abbott under the Agreement."

14. Please state the basis for Abbott's allegation in Paragraph 12 of the Counterclaim that "Abbott has performed all conditions precedent to payment by Hancock of the third installment under the Agreement or such conditions have been excused."

15. If Abbott's response to either Request No. 13 or Request No. 14 of John Hancock's First Request for Admissions was anything other than an unqualified admission, please state the basis for Abbott's denial of so much of the matters set forth in either of those requests as Abbott denies.

16. Please identify each and every document otherwise responsive to Plaintiffs' First Set of Interrogatories or Plaintiffs' First Request for Production of documents that cannot be produced because it has been destroyed, and state separately with respect to each such document:

(a) the type of document;

(b) the date of the document;

(c) the title of the document;

(d) the author(s) of the document;

(e) the intended and actual recipient(s) of the document;

(f) the general subject matter of the document;

(g) the date on which the document was destroyed;

(h) the purpose and reason for destruction of the document, including without limitation whether the document was destroyed in accordance with the terms of a document retention or destruction policy or plan;

(i) the person(s) responsible for the destruction of the document; and

(j) the person(s) most knowledgeable about the document, its content, and its destruction.

JOHN HANCOCK LIFE INSURANCE
COMPANY, JOHN HANCOCK VARIABLE LIFE
INSURANCE COMPANY, and INVESTORS
PARTNER LIFE INSURANCE

By their attorneys,

*Raymond G. O'Brien*

Brian A. Davis (BBO No. 546462)
Michael Arthur Walsh (BBO No. 514875)
Raymond A. O'Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tele: 617-248-5000

Date: April 8, 2004

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' First Set of Interrogatories was served upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108, by hand delivery, this 8th day of April, 2004.

_____
Raymond A. O'Brien

3677105_3.DOC