# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | CIVIL ACTION NO. 03-12501-DPW |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company (collectively, "John Hancock"), by their attorneys, hereby request, pursuant to Fed. R. Civ. P. 26 and 36 and the Local Rules of this Court, that defendant Abbott Laboratories ("Abbott") answer under oath the following requests for admission, within thirty (30) days from service hereof.

### Definitions

For purposes of this request for admissions, John Hancock adopts the "Uniform Definitions in Discovery Requests" contained in Local Rule 26.5. The following terms shall have the meanings set forth below:

1. "You," "your" and "Abbott" shall mean defendant Abbott Laboratories, its various corporate parents, subsidiaries, affiliates, subdivisions and departments, and any and all representatives, successors, assigns, officers, directors, employees, agents, attorneys or other persons or entities who have acted or purported to act for or on behalf of any of them.

2. "John Hancock" shall mean collectively defendants John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company, their various subsidiaries, affiliates, divisions and departments, and any and all representatives, successors, assigns, officers, directors, employees, agents, attorneys or other persons or entities who have acted or purported to act for or on behalf of any of them.

3. "And" as well as "or" shall be construed both disjunctively and conjunctively to mean "and/or."

4. "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

5. "Research Funding Agreement" shall mean the Research Funding Agreement by and between Abbott and John Hancock, dated as of March 13, 2001.

6. "Program Term" shall have the meaning defined in the Research Funding Agreement.

7. "Aggregate Spending Target" shall have the meaning defined in the Research Funding Agreement.

8. "Annual Research Plan" shall have the meaning defined in the Research Funding Agreement.

9. "Program Related Costs" shall have the meaning defined in the Research Funding Agreement.

## Requests for Admission

1. The document attached to these Requests for Admission as <u>Exhibit A</u> is an authentic copy of Abbott's 2001 Annual Research Plan, a copy of which was attached to the Research Funding Agreement as <u>Exhibit 1.6</u>.

2. The information contained in Abbott's 2001 Annual Research Plan was truthful and accurate to the best of Abbott's knowledge, information and belief as of the time that the 2001 Annual Research Plan was provided to John Hancock.

3. The document attached to these Requests for Admission as <u>Exhibit B</u> is an authentic copy of Abbott's 2002 Annual Research Plan, as provided to John Hancock.

4. Abbot did not provide John Hancock with any version of Abbott's 2002 Annual Research Plan other than the version that is attached to these Requests for Admission as <u>Exhibit B</u>.

5. The information contained in Abbott's 2002 Annual Research Plan was truthful and accurate to the best of Abbott's knowledge, information and belief as of the time that the 2002 Annual Research Plan was provided to John Hancock.

6. The document attached to these Requests for Admission as <u>Exhibit C</u> is an authentic copy of Abbott's 2003 Preliminary Annual Research Plan, as provided to John Hancock.

7. The information contained in Abbott's 2003 Preliminary Annual Research Plan was truthful and accurate to the best of Abbott's knowledge, information and belief as of the time that the 2003 Preliminary Annual Research Plan was provided to John Hancock.

8. Abbott first provided a copy of its 2003 Preliminary Annual Research Plan to John Hancock in or about December 2002.

9. The document attached to these Requests for Admission as <u>Exhibit D</u> is an authentic copy of Abbott's 2003 Final Annual Research Plan, as provided to John Hancock.

10. The information contained in Abbott's 2003 Final Annual Research Plan was truthful and accurate to the best of Abbott's knowledge, information and belief as of the time that the 2003 Final Annual Research Plan was provided to John Hancock.

11. Abbott first provided a copy of its 2003 Final Annual Research Plan to John Hancock in or about September 2003.

12. Abbott's 2003 Preliminary Annual Research Plan did not disclose Abbott's estimated expenditures on Program Related Costs for any period after December 31, 2003.

13. Abbott's 2003 Final Annual Research Plan did not reasonably demonstrate Abbott's intent and reasonable expectation to expend on Program Related Costs, by December 31, 2004, an amount in excess of the Aggregate Spending Target.

14. Abbott's 2003 Final Annual Research Plan did not reasonably demonstrate Abbott's intent and reasonable expectation to expend on Program Related Costs during the Program Term an amount in excess of the Aggregate Spending Target.

15. Prior to December 31, 2002, Abbott formed an intention to reduce its expenditures on Program Related Costs during the period from March 13, 2001 through December 31, 2004 to an amount less than the Aggregate Spending Target.

16. John Hancock never agreed after March 13, 2001 to change or amend the definition of "Program Term" contained in the Research Funding Agreement, as originally executed by the Parties.

17. John Hancock never agreed after March 13, 2001 to change or amend the definition of "Aggregate Spending Target" contained in the Research Funding Agreement, as originally executed by the Parties.

JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE

By their attorneys,

_____
Brian A. Davis (BBO No. 546462)
Michael Arthur Walsh (BBO No. 514875)
Raymond A. O'Brien (BBO No. 629753)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tele: 617-248-5000

Date: April 8th, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' First Request for Admissions was served upon Peter E. Gelhaar, Esq., Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, Massachusetts 02108, by hand delivery, this 8th day of April, 2004.

_____
Raymond A. O'Brien

3677102_3.DOC