# Exhibit F

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY,<br><br>      Plaintiffs and<br>      counter-defendants<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>      Defendant and<br>      counter-plaintiff. | Civil Action No. 03-12501-DPW<br><br>Hon. Judge Douglas P. Woodlock |

## DEFENDANT ABBOTT LABORATORIES' RESPONSE TO PLAINTIFF HANCOCK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Abbott Laboratories ("Abbott"), by its attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company's (collectively, "Hancock") First Request for Production of Documents.

### GENERAL OBJECTIONS

The following General Objections and Responses apply to all the numbered Document Requests, and the General Objections and Responses shall be deemed continuing as to each individual Document Request and are not waived, or in any way limited, by the Specific Objections and Responses.

1.   Abbott objects to each document request to the extent that it asks Abbott to provide information beyond that required by the Federal Rules of Civil Procedure.

2.   Abbott objects to each Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, and Abbott will not produce any such documents.

3.   Abbott objects to each and every Request to the extent that it is overly broad in scope and time and unduly burdensome.

4.   Abbott objects to the document requests on the grounds that they are overly broad and unduly burdensome in that they call for the production of duplicate copies of a document, or for the production of documents that are already in Plaintiffs' possession.

5.   Abbott objects to each and every Request to the extent that it calls for information that is not relevant to the subject matter of this litigation.

6.   Abbott objects to each and every Request to the extent that it calls for information outside Abbott's possession, custody, or control.

7.   To the extent that Abbott responds to specific Requests to which it has objected, Abbott reserves the right to maintain such objections with respect to any additional information and such objections are not waived by the furnishing of such information.

8.   To the extent that Abbott responds to a specific Request, Abbott does not admit to Plaintiff's characterizations of any documents, facts, theories or conclusions.

9.   Any response by Abbott that it will produce documents responsive to any particular request should not be construed as meaning that documents responsive to that request exist. Such response means only that Abbott will produce documents requested by Hancock if

they exist and are within Abbott's possession, custody or control, and are not subject to any applicable privilege or immunity.

10. Abbott expressly reserves the right to supplement these responses and objections with further additional information as such information becomes available in the course of this litigation.

Subject to these General Objections, and without waiving the same, Abbott answers as follows:

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

1. All documents concerning the Research Funding Agreement, including, without limitation, documents concerning the negotiation, drafting, terms, execution, interpretation, construction, implementation, enforcement, or enforceability of the Research Funding Agreement or any term or provision of the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement as well as non-privileged documents within its possession, custody, or control relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding Agreement.

2. All documents concerning any communication between Abbott and John Hancock concerning the Research Funding Agreement or the subject matter of the Research Funding Agreement.

3

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement as well as non-privileged documents within its possession, custody, or control relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding Agreement.

3. All documents concerning any communication within Abbott regarding the Research Funding Agreement or the subject matter of the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement as well as non-privileged documents within its possession, custody, or control relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding Agreement.

4. All documents concerning any communication between Abbott and any other person concerning the Research Funding Agreement or the subject matter of the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement as well as non-privileged documents within its possession, custody, or control relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding Agreement.

5. All documents concerning Abbott's obligations under the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement as well as non-privileged documents within its possession, custody, or control relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding Agreement.

6. All documents concerning John Hancock's obligations under the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement as well as

non-privileged documents within its possession, custody, or control relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding Agreement.

7. All documents concerning Abbott's performance or non-performance of its obligations under the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Abbott further specifically objects to the request on the grounds that it is vague as to Abbott's "non-performance." Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement as well as non-privileged documents within its possession, custody, or control relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding Agreement.

8. All documents concerning John Hancock's actual or alleged performance or non-performance of its obligations under the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement and non-privileged documents within its possession, custody, or control relating to the interpretation or

construction of the parties' obligations under Article 3 of the Research Funding Agreement and Hancock's nonperformance of its obligations under Article 3.

9. All documents concerning Abbott's 2001 Annual Research Plan, including, without limitation, all drafts, revisions and supporting documentation and data.

**Response**: In addition to its General Objections, Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, Abbott's 2001 Annual Research Plan is not at issue in this litigation.

10. All documents concerning Abbott's 2002 Annual Research Plan, including, without limitation, all drafts, revisions and supporting documentation and data.

**Response**: In addition to its General Objections, Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, Abbott's 2002 Annual Research Plan is not at issue in this litigation.

11. All documents concerning Abbott's 2003 Preliminary Annual Research Plan, including, without limitation, all drafts, revisions and supporting documentation and data.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad and unduly burdensome. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce any non-privileged drafts or revisions of its 2003 Preliminary Annual Research Plan within its possession, custody, or control as well as

non-privileged documents within its possession, custody, or control used or relied upon to produce the 2003 Preliminary Annual Research Plan.

12. All documents concerning Abbott's 2003 Final Annual Research Plan, including, without limitation, all drafts, revisions and supporting documentation and data.

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad and unduly burdensome. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce any non-privileged drafts or revisions of its 2003 Final Annual Research Plan within its possession, custody, or control as well as non-privileged documents within its possession, custody, or control used or relied upon to produce the 2003 Final Annual Research Plan.

13. All documents concerning any actual or potential error or inaccuracy in any of Abbott's Annual Research Plans, including, without limitation, all communications, memoranda, correspondence or proposed corrections.

**Response**: Abbott specifically objects to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce any non-privileged drafts or revisions of its 2003 Annual Research Plan within its possession, custody, or control as well as non-privileged documents within its possession, custody, or control used or relied on to produce the 2003 Annual Research Plan.

14:  All documents concerning any research, development or status report provided by Abbott to John Hancock pursuant the Research Funding Agreement, or required by the Research Funding Agreement.

**Response**:  Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce any non-privileged drafts or revisions of its 2003 Preliminary Annual Research Plan and its 2003 final Plan within its possession, custody, or control as well as non-privileged documents within its possession, custody, or control used or relied on to produce the 2003 Preliminary Annual Research Plan and the 2003 final Plan.

15.  All documents concerning Abbott's intent and reasonable expectation regarding its expenditures on Program Related Costs during the Program Term of the Research Funding Agreement.

**Response**:  Abbott specifically objects to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control sufficient to show its intent and reasonable expectations regarding spending under the Research Funding Agreement for the 2003 Program Year through December 31, 2005.

16. All documents concerning whether, as of December 2001, Abbott intended and reasonably expected that expenditures on Program Related Costs would exceed the Aggregate Spending Target for the Program Term of the Research Funding Agreement.

**Response**: In addition to its General Objections, Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

17. All documents concerning whether, as of December 2002, Abbott intended and reasonably expected that expenditures on Program Related Costs would exceed the Aggregate Spending Target for the Program Term of the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control sufficient to show its intent and reasonable expectations regarding spending under the Research Funding Agreement for the 2003 Program Year through December 31, 2005.

18. All documents concerning whether, as of December 2003, Abbott intended and reasonably expected that expenditures on Program Related Costs would exceed the Aggregate Spending Target for the Program Term of the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving

these objections, Abbott will produce non-privileged documents within its possession, custody, or control sufficient to show its intent and reasonable expectations regarding spending under the Research Funding Agreement for the 2003 Program Year through December 31, 2005.

19. All documents concerning Abbott's intended and reasonably expected expenditures on Program Related Costs through December 31, 2004.

**Response**: Abbott specifically objects to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control sufficient to show its intent and reasonable expectations regarding spending under the Research Funding Agreement for the 2003 Program Year through December 31, 2005.

20. All documents concerning whether Abbott currently intends and reasonably expects that expenditures on Program Related Costs will exceed the Aggregate Spending Target for the Program Term of the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these specific objections and its General Objections, and without waiving these objections, Abbott will produce non-privileged documents within its possession, custody, or control sufficient to show its intent and reasonable expectations regarding spending under the Research Funding Agreement for the 2003 Program Year through December 31, 2005.

21. All documents concerning the length of the Program Term.

**Response**: Subject to its General Objections, and without waiving them, Abbott will produce non-privileged responsive documents within its possession, custody, or control.

22. All documents concerning Abbott's understanding of the length of the Program Term, including, without limitation, documents concerning the understanding of any individual Abbott employees.

**Response**: Subject to its General Objections, and without waiving them, Abbott will produce non-privileged responsive documents within its possession, custody, or control.

23. All documents concerning Abbott's First Affirmative Defense.

**Response**: Subject to its General Objections, and without waiving them, Abbott will produce non-privileged responsive documents within its possession, custody, or control.

24. All documents concerning Abbott's Second Affirmative Defense.

**Response**: Subject to its General Objections, and without waiving them, Abbott will produce non-privileged responsive documents within its possession, custody, or control.

25. All documents concerning Abbott's allegation that "Hancock's December 2003 multi-million dollar installment payment is presently due and payable to Abbott under the Agreement" as stated in Paragraph 10 of the Counterclaim.

**Response**: Abbott specifically objects to the request on the grounds that it is vague, overly broad, and unduly burdensome. Subject to these specific objections and to its General

Objections, and without waiving them, Abbott will produce the Research Funding Agreement and non-privileged documents within its possession, custody, or control of communications relating to the 2003 Annual Research Plan.

26. All documents concerning Abbott's allegation that "Abbott has performed all conditions precedent to payment by Hancock of the third installment under the Agreement or such conditions have been excused" as stated in Paragraph 12 of the Counterclaim.

**Response**: Abbott specifically objects to the request on the grounds that it is vague, overly broad, and unduly burdensome. Subject to these specific objections and to its General Objections, and without waiving them, Abbott will produce the Research Funding Agreement and non-privileged documents within its possession, custody, or control of communications relating to the 2003 Annual Research Plan.

27. All documents concerning dealings between Abbott and John Hancock concerning the implementation of the Research Funding Agreement, including but not limited to all documents concerning communications between Abbott and John Hancock concerning the implementation of the Research Funding Agreement.

**Response**: Abbott specifically objects to the request on the grounds that it is vague, overly broad, and unduly burdensome. Subject to these specific objections and its General Objections, and without waiving them, Abbott will produce non-privileged documents within its possession, custody, or control relating to negotiating and drafting of the Research Funding Agreement as well as non-privileged documents within its possession, custody, or control relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding

Agreement as well as non-privileged documents within its possession, custody, or control of communications relating to the 2003 and 2004 Annual Research Plans.

28. All documents concerning Abbott's damages as alleged in Count I of the Counterclaim.

**Response**: Subject to its General Objections, and without waiving them, Abbott will produce non-privileged responsive documents within its possession, custody, or control.

29. All documents concerning Abbott's damages as alleged in Count II of the Counterclaim.

**Response**: Subject to its General Objections, and without waiving them, Abbott will produce non-privileged responsive documents within its possession, custody, or control.

30. All documents identified in Abbott's response to John Hancock's First Set of Interrogatories.

**Response**: Subject to its General Objections, and without waiving them, Abbott will produce non-privileged responsive documents within its possession, custody, or control.

31. All documents included within the categories of documents disclosed by Abbott in its Initial Disclosures pursuant to FED. R. CIV. P. 26(a)(1).

**Response**: Abbott specifically objects to the request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and its General Objections, and without waiving them,

Abbott will produce the Research Funding Agreement, non-privileged documents within its possession, custody, or control relating to the negotiation, terms, and interpretation of Article 3 of the Research Funding Agreement, and non-privileged documents within its possession, custody, or control relating to the parties' course of conduct under Article 3 of the Research Funding Agreement.

ABBOTT LABORATORIES

By: _Michael DO_
       One Of Its Attorneys

Lawrence R. Desideri, Esq., (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Peter E. Gelhaar, Esq., (BBO# 188310)
Michael S. D'Orsi, Esq., (BBO# 566960)
DONNELLY, CONROY & GELHAAR, LLP
1 Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 5/17/04  Michael DO

15

CHI:1363228.2