# Exhibit H

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY, <br><br> Plaintiffs and counter-defendants <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant and counter-plaintiff. | Civil Action No. 03-12501-DPW <br><br> Hon. Judge Douglas P. Woodlock |

## DEFENDANT ABBOTT LABORATORIES' RESPONSE TO PLAINTIFF HANCOCK'S FIRST REQUEST FOR ADMISSIONS

Defendant Abbott Laboratories ("Abbott"), by its undersigned attorneys and pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby responds to Plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company's (collectively, "Hancock") First Request For Admissions.

## GENERAL OBJECTIONS

The following General Objections and Responses apply to all the numbered Requests for Admission, and the General Objections and Responses shall be deemed continuing as to each individual Request for Admission and are not waived, or in any way limited, by the Specific Objections and Responses.

1.      Abbott objects to each request for admission to the extent it attempts to impose obligations on Abbott other than or beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States Court for the District of Massachusetts, and/or applicable Orders of this Court.

2.      Abbott objects to each request for admission to the extent that it seeks disclosure of information containing privileged communications, attorneys' work product or trial preparation material, on the ground that such discovery is not permissible under federal law. The inadvertent disclosure of such information is not intended to be a waiver of any privilege or protection and shall not be deemed a waiver of any privilege or protection.

3.      Abbott objects to these requests for admissions to the extent that they are overly broad, unduly burdensome, calculated to harass, duplicative and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Abbott objects to these requests for admissions to the extent they are vague and ambiguous and call for speculation outside the personal knowledge of Abbott's representatives.

5.      Abbott expressly reserves the right to supplement its responses and objections to these requests as additional information becomes available to it in the course of this litigation.

6.      These General Objections are incorporated by reference into each of Abbott's specific responses below.

Subject to these General Objections, and without waiving the same, Abbott answers as follows:

2

## RESPONSES TO ADMISSIONS

1.    The document attached to these Requests for Admissions as <u>Exhibit A</u> is an authentic copy of Abbott's 2001 Annual Research Plan, a copy of which was attached to the Research Funding Agreement as <u>Exhibit 1.6</u>.

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits that Exhibit A contains Exhibit 1.6 to the Research Funding Agreement as well as materials not part of Exhibit 1.6 to the Research Funding Agreement.   Except as expressly admitted, Abbott denies this request.

2.    The information contained in Abbott's 2001 Annual Research Plan was truthful and accurate to the best of Abbott's knowledge information and belief as of the time that the 2001 Annual Research Plan was provided to John Hancock.

**Response**:    Abbott specifically objects to the request on the grounds that it is vague, overly broad, and ambiguous and neither relevant to the claims asserted in the litigation, nor reasonably likely to lead to the discovery of admissible evidence.   The request is vague and ambiguous because, among other things, it asks Abbott to admit or deny the truthfulness and accuracy of projected or estimated data.   Abbott further objects to this request on the grounds that the request fails to separately set forth each matter on which an admission is requested as is required by FED. R. CIV. P. 36.

3.    The document attached to these Requests for Admission as <u>Exhibit B</u> is an authentic copy of Abbott's 2002 Annual Research Plan, as provided to John Hancock.

3

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits this request.


4.    Abbott did not provide John Hancock with any version of Abbott's 2002 Annual Research Plan other than the version that is attached to these Requests for Admission as Exhibit B.

**Response**:    Abbott specifically objects to this request as vague and ambiguous.   Subject to and without waiving these objections and its General Objections, Abbott admits that it neither sent, nor did Hancock request, any other formal written 2002 Annual Research Plan other than that attached as Exhibit B.   Except as expressly admitted, Abbott denies this request.


5.    The information contained in Abbott's 2002 Annual Research Plan was truthful and accurate to the best of Abbott's knowledge, information and belief as of the time that the 2002 Annual Research Plan was provided to John Hancock.

**Response**:    Abbott specifically objects to the request on the grounds that it is vague, overly broad, and ambiguous and neither relevant to the claims asserted in the litigation, nor reasonably likely to lead to the discovery of admissible evidence.   The request is vague and ambiguous because, among other things, it asks Abbott to admit or deny the truthfulness and accuracy of projected or estimated data.  Abbott further objects to this request on the grounds that the request fails to separately set forth each matter on which an admission is requested as is required by FED. R. CIV. P. 36.

4

6.    The document attached to these Requests for Admission as <u>Exhibit C</u> is an authentic copy of Abbott's 2003 Preliminary Annual Research Plan, as provided to John Hancock.

<u>Response</u>:    Subject to its General Objections, and without waiving its General Objections, Abbott admits that Exhibit C contains Abbott's 2003 Preliminary Annual Research Plan as well as material not contained in Abbott's 2003 Preliminary Annual Research Plan.    Except as expressly admitted, Abbott denies this request.


7.    The information contained in Abbott's 2003 Preliminary Annual Research Plan was truthful and accurate to the best of Abbott's knowledge, information and belief as of the time that the 2003 Preliminary Annual Research Plan was provided to John Hancock.

<u>Response</u>:    Abbott specifically objects to the request on the grounds that it is vague, overly broad, and ambiguous and neither relevant to the claims asserted in the litigation, nor reasonably likely to lead to the discovery of admissible evidence.    The request is vague and ambiguous because, among other things, it asks Abbott to admit or deny the truthfulness and accuracy of projected or estimated data.    Abbott further objects on the grounds that the request fails to separately set forth each matter on which an admission is requested as is required by FED. R. CIV. P. 36.    Subject to and without waiving these objections and its General Objections, Abbott admits that it believed that the information was a materially accurate projection of its intentions for the period depicted at the time it sent the Plan to Hancock.    Except as expressly admitted, Abbott denies this request.

8.      Abbott first provided a copy of its 2003 Preliminary Annual Research Plan to John Hancock in or about December 2002.

**Response**:    Abbott specifically objects to the request as vague and ambiguous. Subject to and without waiving these objections and its General Objections, Abbott admits that it provided Hancock with its 2003 Preliminary Annual Research Plan in or about December 2002. Except as expressly admitted, Abbott denies this request.

9.      The document attached to these Requests for Admission as Exhibit D is an authentic copy of Abbott's 2003 Final Annual Research Plan, as provided to John Hancock.

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits this request.

10.      The information contained in Abbott's 2003 Final Annual Research Plan was truthful and accurate to the best of Abbott's knowledge, information and belief as of the time that the 2003 Final Annual Research Plan was provided to John Hancock.

**Response**:    Abbott specifically objects to the request on the grounds that it is vague, overly broad, and ambiguous and neither relevant to the claims asserted in the litigation, nor reasonably likely to lead to the discovery of admissible evidence. The request is vague and ambiguous because, among other things, it asks Abbott to admit or deny the truthfulness and accuracy of projected or estimated data. Subject to and without waiving these objections and its General Objections, Abbott admits that it believed that the information was a materially accurate projection of its intentions for the period depicted at the time it provided the Plan to Hancock. Except as expressly admitted, Abbott denies this request.

6

11.    Abbott first provided a copy of its 2003 Final Annual Research Plan to John Hancock in or about September 2003.

**Response**:    Abbott specifically objects to this request as vague and ambiguous. Subject to and without waiving these objections and its General Objections, Abbott admits that it provided Exhibit D, at Hancock's request, in or about September 2003. Except as expressly admitted, Abbott denies this request.

12.    Abbott's 2003 Preliminary Annual Research Plan did not disclose Abbott's estimated expenditures on Program Related Costs for any period after December 31, 2003.

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits that Exhibit C did not contain certain estimates of Program Related Costs that existed within Abbott at the time for periods after December 31, 2003. Except as expressly admitted, Abbott denies this request.

13.    Abbott's 2003 Final Annual Research Plan did not reasonably demonstrate Abbott's intent and reasonable expectation to expend on Program Related Costs, by December 31, 2004, an amount in excess of the Aggregate Spending Target.

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits this request.

14.    Abbott's 2003 Final Annual Research Plan did not reasonably demonstrate Abbott's intent and reasonable expectation to expend on Program Related Costs during the Program Term an amount in excess of the Aggregate Spending Target.

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits that its 2003 Final Annual Research Plan estimated that Abbott would spend an amount less than the Aggregate Spending Target during the initial four year Program Term. Except as expressly admitted, Abbott denies this request.

15.    Prior to December 31, 2002, Abbott formed an intention to reduce its expenditures on Program Related Costs during the period from March 13, 2001 through December 31, 2004 to an amount less than the Aggregate Spending Target.

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits that certain estimates existed within Abbott prior to December 31, 2002 under which Abbott would spend an amount less than the Aggregate Spending Target through December 31, 2004. Except as expressly admitted, Abbott denies this request.

16.    John Hancock never agreed after March 13, 2001 to change or amend the definition of "Program Term" contained in the Research Funding Agreement, as originally executed by the Parties.

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits this request.

8

17.    John Hancock never agreed after March 13, 2001 to change or amend the definition of "Aggregate Spending Target" contained in the Research Funding Agreement, as originally executed by the Parties.

**Response**:    Subject to its General Objections, and without waiving its General Objections, Abbott admits this request.

ABBOTT LABORATORIES

By: _Michael DO_

One Of Its Attorneys

Lawrence R. Desideri, Esq., (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Peter E. Gelhaar, Esq., (BBO# 188310)
Michael S. D'Orsi, Esq., (BBO# 566960)
DONNELLY, CONROY & GELHAAR, LLP
1 Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 5/17/04  Michael DO

9