# Exhibit I

CHOATE, HALL & STEWART

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 · FAX (617) 248-4000

WWW.CHOATE.COM

RAYMOND A. O'BRIEN
DIRECT DIAL: (617) 248-2117
EMAIL: ROBRIEN@CHOATE.COM

June 24, 2004

BY FACSIMILE AND FIRST-CLASS MAIL

Lawrence R. Desideri, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601

Re:  John Hancock Life Insurance Company, *et al.*
     v. Abbott Laboratories
     U.S.D.C. (D. Mass.), C.A. No. 03-12501-DPW

Dear Larry:

I write to provide notice, on behalf of plaintiffs John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Partner Life Insurance (collectively, "John Hancock"), to defendant Abbott Laboratories ("Abbott") of certain deficiencies in Abbott's responses to John Hancock's First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions. John Hancock requests that Abbott review the deficiencies identified below as soon as possible, and that the parties schedule a conference call to discuss John Hancock's concerns early next week.

A.  Abbott's Response to John Hancock's First Request for Production of Documents

1.  Abbott's General Objection 4 states that "Abbott objects to the document requests on the grounds that they are overly broad and unduly burdensome in that they call for the production of duplicate copies of a document, or for the production of documents that are already in Plaintiffs' possession." John Hancock's position is that Abbott is required to produce duplicate copies of documents; the existence of such duplicates are relevant, particularly if Abbott is producing documents "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b). John Hancock further believes that Abbott's objection to the production of documents already in plaintiffs' possession is meritless. John Hancock requests that Abbott confirm that: (a) it is producing documents as kept in the usual course of Abbott's business; (b) it will produce all duplicate copies of responsive documents; and, (c) it will produce all non-privileged

3713544v1

Letter to Lawrence R. Desideri, Esq.
WINSTON & STRAWN LLP
June 24, 2004
Page 2

responsive documents, regardless of whether Abbott believes that a copy of the same document already may be in the possession of John Hancock.

2.  Abbott purports to limit its responses to John Hancock's Request Nos. 1-8, 27, and 31 in two questionable ways. First, Abbott states that it will produce all non-privileged documents "relating to negotiating and drafting of the Research Funding Agreement. . . ." In each instance, John Hancock's request is broader, seeking all documents "concerning the Research Funding Agreement," or concerning communication relating to, performance or non-performance of obligations under, or dealings between the parties regarding implementation of the Research Funding Agreement. John Hancock requests that Abbott withdraw this first limitation, and produce *all* non-privileged documents that concern the Research Funding Agreement, not just those pertaining to the "negotiating and drafting" of that Agreement.

Second, Abbott states that it will produce documents "relating to the interpretation or construction of the parties' obligations under Article 3 of the Research Funding Agreement." Given the nature of the present dispute, there is no legitimate basis for Abbott to limit the scope of its production only to documents concerning Article 3. For example, various relevant contract terms, including without limitation definitions of the terms "Aggregate Spending Target," "Annual Research Plan," and "Program Term," are set forth in Article 1. Furthermore, Article 2, entitled "Annual Research Program," includes relevant sections on Research Plans (§ 2.2), and Research Reports and Records (§ 2.5). John Hancock requests that Abbott withdraw its limitation linked to Article 3, and produce all responsive, non-privileged documents concerning all relevant sections of the Research Funding Agreement immediately.

3.  In its responses to John Hancock's Request Nos. 7 and 8, Abbott appears to take the position that it will not produce any documents concerning the parties' performance or non-performance of their obligations under the Research Funding Agreement. Given the fact that Abbott has placed the parties' performance squarely at issue through assertion of its waiver and estoppel affirmative defenses and its counterclaim, John Hancock requests that Abbott withdraw all such objections, and produce all non-privileged documents in its possession, custody or control that are responsive to Request Nos. 7 and 8.

4.  Abbott's apparent limitations with respect to John Hancock's requests for documents concerning Abbott's Annual Research Plans are improper. For example, in response to Request Nos. 9 and 10, Abbott objects to the production of documents concerning its 2001 and 2002 Annual Research Plans on relevance grounds. Documents concerning Abbott's historic intentions and reasonable expectations regarding expenditures on Program-Related Costs, and how and why those intentions and expectations changed from 2001 to 2003, are relevant to the claims asserted in this action. Furthermore, in response to John Hancock's Request Nos. 11-12 and 14, Abbott appears to have limited its production to drafts, revisions, and documents actually relied upon by Abbott in producing its Preliminary and Final 2003 Annual Research Plans, as opposed to all documents concerning those Plans and other research, development and status

3713544v1

Letter to Lawrence R. Desideri, Esq.
WINSTON & STRAWN LLP
June 24, 2004
Page 3

reports as requested by John Hancock. Any such limitations are improper and should be withdrawn. Accordingly, John Hancock requests that Abbott: (a) immediately produce *all* responsive, non-privileged documents concerning all Annual Research Plans (from 2001 through 2004); and (b) immediately produce *all* responsive, non-privileged documents concerning such Plans (as defined in John Hancock's Request for Production), not simply drafts, revisions, and documents actually relied upon to produce the Plans.

     5.     Similarly, when asked to produce all documents concerning its intended spending on Program-Related Costs, Abbott: (a) objects to providing such information for periods prior to December 2002 (*see* Response to Request Nos. 15-16); and (b) agrees to provide only documents "sufficient to show" Abbott's intent and reasonable expectation for the 2003 Program Year through December 31, 2005, rather than all documents concerning its intent and reasonable expectation as requested by John Hancock (*see* Response to Request Nos. 17-20). For the reasons already stated, Abbott is not entitled to limit its production in this fashion. John Hancock again requests that Abbott produce all responsive, non-privileged documents concerning intended, expected or actual Program-Related Costs for the periods set forth in each of John Hancock's various requests.

     6.     Finally, in response to John Hancock's requests for documents concerning the allegations of Abbott's counterclaim (*see* Request Nos. 25 and 26), Abbott states that it will produce only the Research Funding Agreement and documents concerning "communications relating to the 2003 Annual Research Plan." John Hancock requests that Abbott confirm that despite this limitation, Abbott will produce *all* responsive, non-privileged documents concerning the allegations of Abbott's counterclaim, including any and all documents concerning Abbott's interpretation of relevant Research Funding Agreement provisions and the parties' obligations and performance under the Research Funding Agreement.

B.     <u>Abbott's Response to John Hancock's First Set of Interrogatories</u>

     1.     Abbott's descriptions of the roles played by each identified individual in its responses to John Hancock's Interrogatory Nos. 2, 3, 5, 8 and 9 are unreasonably sparse (or non-existent). John Hancock requests that Abbott supplement its responses to Interrogatory Nos. 2, 3, 8 and 9 by providing more detailed information on the role played by each person identified.

     2.     John Hancock's Interrogatory No. 4 requests that Abbott "identify each and every person who participated in any way in the process of obtaining Abbott's approval of the Research Funding Agreement, and describe in detail each such person's role in the approval process." Abbott's response to Interrogatory No. 4, however, provides neither a specific identification of which people were involved in Abbott's approval of the Research Funding Agreement, nor a description of each person's role in the process. Please supplement Abbott's response to Interrogatory No. 4 to provide all of the information requested.

3713544v1

Letter to Lawrence R. Desideri, Esq.
WINSTON & STRAWN LLP
June 24, 2004
Page 4

3. John Hancock's Interrogatory Nos. 6 and 7 request that Abbott identify any known inaccuracies in any of Abbott's Annual Research Plans, as well as the date on which Abbott first learned of each inaccuracy. Abbott has objected to these interrogatories on the grounds, *inter alia*, that they are "overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence." John Hancock disagrees. The question of whether Abbott currently believes or contends that any of the information provided to John Hancock in its Annual Research Plans was, at the time it was provided, inaccurate is both relevant and understandable. John Hancock requests that Abbott withdraw its objections and provide substantive responses to Interrogatory Nos. 6 and 7.

C.  <u>Abbott's Response to John Hancock's First Request for Admissions</u>

1. John Hancock's Request for Admissions Nos. 2, 5, 7 and 10 simply ask Abbott to admit that the information contained in the various Annual Research Plans referenced therein was "truthful and accurate to the best of Abbott's knowledge, information and belief as of the time" those Plans were provided to John Hancock. Abbott has objected to each of these Requests on the grounds that it is "vague, overly broad, and ambiguous and neither relevant to the claims asserted in the litigation, nor reasonably likely to lead to the discovery of admissible evidence." Notwithstanding its objections, Abbott provides a further response to Request for Admissions Nos. 7 and 10, but not for Request for Admissions Nos. 2 and 5. We do not understand Abbott's claimed total inability to respond to Request for Admissions Nos. 2 and 5 in light of its responses to Request for Admissions Nos. 7 and 10. John Hancock requests that Abbott provide supplemental, substantive responses to Request for Admissions Nos. 2 and 5.

2. John Hancock's Request for Admissions No. 15 calls upon Abbott to admit that "[p]rior to December 31, 2002, Abbott formed an intention to reduce its expenditures on Program Related Costs during the period from March 13, 2001 through December 31, 2004 to an amount less than the Aggregate Spending Target." Abbott's response to this Request, in which Abbott "admits that certain estimates existed within Abbott prior to December 31, 2002 under which Abbott would spend an amount less than the Aggregate Spending Target through December 31, 2004" is evasive and improper. If, as stated by Mr. Lyons in his September 22, 2003 letter to Stephen Blewitt (JH001071), Abbott's Executive Committee decided by October 14, 2002 to reduce Abbott's expenditures on Program Related Costs during the period from March 13, 2001 through December 31, 2004 to an amount less than the Aggregate Spending Target, John Hancock is entitled to an unqualified admission as to the truth of the facts stated in Request for Admissions No. 15. John Hancock requests that Abbott revise its response to this Request accordingly.

3713544v1

Letter to Lawrence R. Desideri, Esq.
WINSTON & STRAWN LLP
June 24, 2004
Page 5

     Please contact me by next Monday, June 28, 2004, so that we may schedule a meet and confer teleconference to discuss the deficiencies described in this letter.

                                   Very truly yours,

                                   Raymond A. O'Brien

cc:     Michael S. D'Orsi, Esq. *(by first-class mail)*
         Brian A. Davis, Esq.
         Michael Arthur Walsh, Esq.

3713544v1