# Exhibit J

# CHOATE, HALL & STEWART

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

RAYMOND A. O'BRIEN
DIRECT DIAL: (617) 248-2117
EMAIL: ROBRIEN@CHOATE.COM

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 · FAX (617) 248-4000

WWW.CHOATE.COM

July 8, 2004

**VIA FACSIMILE AND REGULAR MAIL**

Stephen V. D'Amore, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601

>       RE:     *John Hancock Life Insurance Company et al. v. Abbott Laboratories*;
>               C.A. No. 03-12501-DPW (D. Mass.)

Dear Stephen:

        I write to follow-up on the meet and confer teleconference conducted by the parties last Thursday, July 1, 2004 concerning the deficiencies in Abbott's responses to certain of Plaintiffs' ("Plaintiffs" or "John Hancock") written discovery requests, as set forth in my June 24, 2004 letter. What follows is a summary of my understanding of the parties' positions, as well as responses to questions posed by Abbott during our teleconference and a brief discussion of John Hancock's concerns regarding the written discovery responses served by Abbott last week. For ease of reference, this information is summarized using the same organizational structure employed in my June 24th letter.

A.      Abbott's Responses to John Hancock's First Request for Production of Documents

        1.      It is my understanding that despite Abbott's General Objection 4, Abbott has confirmed that: (a) it produced documents as kept in the usual course of Abbott's business; (b) it has produced (and/or will produce) all duplicate copies of responsive documents; and, (c) it has produced (and/or will produce) all non-privileged responsive documents, regardless of whether Abbott believes that a copy of the same document already may be in the possession of John Hancock. John Hancock requests that Abbott withdraw its General Objection 4.

        2.      John Hancock raised two concerns regarding Abbott's responses to Request Nos. 1-8, 27, and 31 in my June 24th letter. With respect to Abbott's limitation of the scope of its production to documents concerning Article 3 of the Research Funding Agreement, you informed me that Abbott in fact has produced beyond that limitation. Specifically, it is my understanding that Abbott's production includes all documents concerning the interpretation or

Stephen V. D'Amore, Esq.
July 8, 2004
Page 2

construction of the parties' obligations not only under Article 3 of the Research Funding Agreement, but also under all other Research Funding Agreement provisions relevant to the present litigation, including without limitation Article 2 and the relevant definitions contained in Article 1 (*e.g.*, "Aggregate Spending Target," "Annual Research Plan," and "Program Term"). John Hancock requests that you confirm that my understanding is correct at your earliest convenience, and that Abbott withdraw its limitation to documents concerning Article 3 only.

Abbott's responses to Request Nos. 1-8, 27, and 31 similarly are improper because Abbott states that it will produce all non-privileged documents "relating to negotiating and drafting of the Research Funding Agreement," rather than all documents "concerning the Research Funding Agreement," or concerning communication relating to, performance or non-performance of obligations under, or dealings between the parties regarding implementation of the Research Funding Agreement, as requested by John Hancock. My understanding from our telephone call is that Abbott's primary concern is that the requests are burdensome and that they call for irrelevant information. For example, you estimated that Abbott possesses "hundreds if not thousands of boxes of documents" relating to the science of the Research Program.

After considering Abbott's position, John Hancock responds as follows.

> Request No. 1. John Hancock will withdraw its objection to Abbott's response if Abbott agrees to produce, in addition to the documents referenced in its response (documents relating to the negotiating and drafting of the Research Funding Agreement as well as documents relating to the interpretation or construction of the parties' obligations under Article 3), the following:
>
> - all documents concerning the Research Funding Agreement that are relevant to any claim, defense, subject matter, or topic or issue germane to the present litigation, including without limitation all documents concerning the interpretation or construction of the parties' obligations under any relevant provision of the Research Funding Agreement (as discussed *supra*), all documents concerning Abbott's actual and intended expenditures on Program Related Costs, all documents concerning each of Abbott's Annual Research Plans, and all documents concerning the allegations set forth in Abbott's affirmative defenses and counterclaim.
>
> Request No. 2: John Hancock renews its request that Abbott withdraw its objections and produce all non-privileged responsive documents. Request No. 2 calls for relevant information and cannot reasonably be construed by Abbott as overly burdensome.

Stephen V. D'Amore, Esq.
July 8, 2004
Page 3

Request No. 3. John Hancock will withdraw its objection if Abbott agrees to produce documents consistent with the scope proposed by John Hancock herein with respect to Request No. 1.

Request No. 4. John Hancock will withdraw its objection if Abbott agrees to produce documents consistent with the scope proposed by John Hancock herein with respect to Request No. 1.

Request No. 5. In addition to those documents that Abbott states it will produce in response to Request No. 5, John Hancock requests that Abbott produce the following: all documents concerning Abbott's obligations under the Research Funding Agreement which are at issue in or in any way relevant to this litigation, including without limitation Abbott's obligations relating to the development, drafting, and provision to John Hancock of Annual Research Plans (and other required reports), obligations concerning the development, analysis, forecasting, and reporting of actual and intended expenditures on Program Related Costs, obligations pursuant to § 3.4 of the Research Funding Agreement, and any obligations that are the subject of Abbott's first affirmative defense, second affirmative defense, and/or counterclaim.

Request No. 6. In addition to those documents that Abbott states it will produce in response to Request No. 6, John Hancock requests that Abbott produce the following: all documents concerning John Hancock's obligations under the Research Funding Agreement which are at issue in or in any way relevant to this litigation, including without limitation John Hancock's obligations relating to Annual Research Plans (and Abbott's other required reports), John Hancock's obligation to make Program Payments, obligations pursuant to § 3.4 of the Research Funding Agreement, obligations relating to the development, analysis, forecasting, and reporting of actual and intended expenditures by Abbott on Program Related Costs, and any obligations that are the subject of Abbott's first affirmative defense, second affirmative defense, and/or counterclaim.

Request No. 7. See *infra*.

Request No. 8. See *infra*.

Request No. 27. John Hancock renews its request that Abbott withdraw its objections and produce all non-privileged responsive documents. Request No. 27 calls for relevant information and cannot reasonably be construed by Abbott as overly burdensome.

Stephen V. D'Amore, Esq.
July 8, 2004
Page 4

> Request No. 31. John Hancock renews its request that Abbott withdraw its
> objections and produce all non-privileged responsive documents. Request No. 31
> calls for relevant information and cannot reasonably be construed by Abbott as
> overly burdensome. In fact, such objections make little sense in light of the fact
> that John Hancock merely asks for the production of documents identified by
> Abbott in its initial disclosures as documents Abbott "may use to support its
> claims or defenses."

    3.    Abbott's written responses to Request Nos. 7 and 8 appear to suggest that Abbott
will not produce documents concerning the parties' performance or non-performance of
obligations under the Research Funding Agreement, despite the fact that Abbott has placed the
parties' performance squarely at issue through assertion of its waiver and estoppel affirmative
defenses and its counterclaim. You suggested that Request Nos. 7 and 8 are too broad as drafted,
and that responsive documents may have been produced in response to Request Nos. 23 and 24
(concerning Abbott's first and second affirmative defenses, respectively).

In response to Abbott's request that John Hancock narrow Request Nos. 7 and 8, and
consistent with our discussion last Thursday, John Hancock restates the requests as follows:

> Request No. 7: All documents concerning Abbott's performance or non-
> performance of its obligations under the Research Funding Agreement which are
> at issue in or in any way relevant to this litigation, including without limitation
> Abbott's performance or non-performance of obligations relating to the
> development, drafting, and provision to John Hancock of Annual Research Plans
> (and other required reports), obligations concerning the development, analysis,
> forecasting, and reporting of actual and intended expenditures on Program
> Related Costs, obligations pursuant to § 3.4 of the Research Funding Agreement,
> and any obligations that are the subject of Abbott's first affirmative defense,
> second affirmative defense, and/or counterclaim.

> Request No. 8: All documents concerning John Hancock's actual or alleged
> performance or non-performance of its obligations under the Research Funding
> Agreement which are at issue in or in any way relevant to this litigation, including
> without limitation John Hancock's performance or non-performance of
> obligations relating to Annual Research Plans (and other required reports), John
> Hancock's obligation to make Program Payments, obligations pursuant to § 3.4 of
> the Research Funding Agreement, obligations relating to the development,
> analysis, forecasting, and reporting of actual and intended expenditures by Abbott
> on Program Related Costs, and any obligations that are the subject of Abbott's
> first affirmative defense, second affirmative defense, and/or counterclaim.

Stephen V. D'Amore, Esq.
July 8, 2004
Page 5


4.    It is my understanding that the parties made no progress, during our teleconference, regarding John Hancock's concerns about improper limitations imposed by Abbott in response to requests regarding Abbott's Annual Research Plans (Request Nos. 9-12, 14).  Accordingly, John Hancock renews its requests that Abbott: (a) immediately produce *all* responsive, non-privileged documents concerning all Annual Research Plans (from 2001 through 2004); and (b) immediately produce *all* responsive, non-privileged documents concerning such Plans (as defined in John Hancock's Request for Production), not simply drafts, revisions, and documents actually relied upon to produce the Plans.

5.    Similarly, it is my understanding that the parties did not make progress regarding the concerns expressed in Paragraph 5 of my June 24th letter regarding Abbott's intended spending on Program-Related Costs (Request Nos. 15-20).  You stated that you do not anticipate your client will be willing to produce any documents concerning intended spending for periods prior to December 2002.  You further stated that although Abbott may attempt to clarify the distinction between documents "sufficient to show" its intent (Abbott's limitation) and documents "concerning" Abbott's intent (John Hancock's requests), Abbott's position is that the requests as drafted are too broad.  As we discussed, John Hancock believes that the requests are proper.  Accordingly, John Hancock again requests that Abbott produce all responsive, non-privileged documents concerning intended, expected or actual Program-Related Costs for the periods set forth in each of John Hancock's various requests.  One example of documents encompassed by these requests that have not been produced by Abbott are the analyst expenditure forecasts referenced in Abbott's response to John Hancock's Interrogatory No. 5.

6.    Despite the limitations imposed by Abbott in response to Request Nos. 25 and 26 (concerning Abbott's counterclaim), you stated during our teleconference that you believe that Abbott has in fact produced all non-privileged documents responsive to the requests as drafted.  Please confirm this fact at your earliest convenience.

B.    Abbott's Response to John Hancock's First Set of Interrogatories

1.    It is my understanding that both parties have agreed to withdraw objections relating to the scope of information provided in response to Interrogatories that seek a description of the role played by identified individuals with respect to certain tasks and processes, so long as Abbott or John Hancock provided some responsive information.  John Hancock renews its request for such information, however, with respect to Abbott's answers that fail to provide any such responsive information (*i.e.*, Abbott's responses to Interrogatory Nos. 5, 8, and 9).

2.    John Hancock renews its request for identification of individuals who participated in the process of obtaining Abbott's approval of the Research Funding Agreement (Interrogatory No. 4) – as opposed to those who were involved in the decision-making process (Interrogatory No. 3) -- and for a description of each such person's role in the approval process.

3719846v1

Stephen V. D'Amore, Esq.
July 8, 2004
Page 6

      3.      In light of Abbott's objections, John Hancock restates Interrogatory No. 6 as
follows:

> Was any of the information contained in any of the Annual Research Plans,
> preliminary, final or otherwise, that Abbott provided to John Hancock inaccurate
> in any way, at the time it was provided?

With this modification (*i.e.*, is it Abbott's position that it made a mistake in an Annual Research
Plan that subsequently was identified?), John Hancock requests that Abbott withdraw its
objections and provide an immediate response to Interrogatory Nos. 6 and 7.

C.      Abbott's Response to John Hancock's First Request for Admissions

      1.      It is my understanding that the parties made no progress, during our
teleconference, regarding John Hancock's concerns about Abbott's responses to Request for
Admissions Nos. 2 and 5. John Hancock's position remains that Abbott's objections are without
merit, and John Hancock renews its request that Abbott provide supplemental, substantive
responses to Request for Admissions Nos. 2 and 5.

      2.      As we discussed, it is John Hancock's position that, given the statement made by
Mr. Lyons in his September 22, 2003 letter to Stephen Blewitt (JH001071), John Hancock is
entitled to an unqualified admission as to the truth of the facts stated in Request for Admission
No. 15. John Hancock renews its request that Abbott revise its response accordingly.

D.      Abbott's Questions About Plaintiffs' Discovery Responses

      During our teleconference, you raised several issues relating to John Hancock's responses
to Abbott's written discovery requests and John Hancock's document production. I will attempt
to respond to these concerns below as fully as possible based upon my understanding of the
issues raised during our telephone call, as Abbott has not yet reduced these concerns to writing.

      1.      I can confirm that all non-privileged documents reasonably responsive to Abbott's
Request for Production No. 4 have been produced.

      2.      I can confirm that John Hancock has no present plan to supplement its production
in response to Request Nos. 6, 8, and 11; John Hancock reserves the right to do so if and when
such a supplemental production is warranted.

      3.      You stated that John Hancock's production includes a number of instances where
a portion of a draft of the Research Funding Agreement was produced, but where the apparently
missing pages were not stamped "Redacted." You provided one example – JH8345. I can
confirm that the attachment to the email bearing bates number JH8345 was produced as kept in

Stephen V. D'Amore, Esq.
July 8, 2004
Page 7

the usual course of business (the attachment was not redacted). Let me know by bates number if there are additional documents about which Abbott has similar questions.

     4.     You stated that John Hancock's production includes several bates number gaps. Please provide specific bates ranges for these alleged gaps and I will make every effort to provide an explanation.

     5.     You requested that John Hancock supplement its responses to Abbott's Interrogatory Nos. 6 and 7. As John Hancock only received Abbott's document production last week, and depositions have not yet commenced, John Hancock will notify Abbott when and if a supplemental answer is forthcoming.

     6.     With respect to John Hancock's response to Abbott's Interrogatory No. 9, it is my understanding that Abbott has requested that John Hancock either: (a) withdraw its relevance objection and supplement its answer; or, (b) withdraw its Fourth Additional Defense (Abbott's claim for damages is barred by Abbott's violations of the Research Funding Agreement). John Hancock presently is considering Abbott's request.

E.     <u>Deficiencies in Abbott's July 2, 2004 Discovery Responses</u>

     Each of Abbott's answers to John Hancock's Second Set of Interrogatories and John Hancock's Second Request for Admissions is non-responsive. In the interest of efficiency, John Hancock requests that a meet and confer teleconference be scheduled immediately, at which time John Hancock will set forth the bases for its positions.

     Please call me at your earliest convenience. As I informed you earlier this week, John Hancock intends to raise the issues addressed herein (and in my June 24th letter) about which the parties cannot agree with the Court, most likely within the next several business days.

                        Very truly yours,

                        Raymond A. O'Brien

cc:    Brian A. Davis, Esq.
      Michael Arthur Walsh, Esq.