# Exhibit L

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, JOHN HANCOCK VARIABLE LIFE INSURANCE COMPANY, and INVESTORS PARTNER LIFE INSURANCE COMPANY, <br><br> Plaintiffs and counter-defendants <br><br> v. <br><br> ABBOTT LABORATORIES, <br><br> Defendant and counter-plaintiff. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 03-12501-DPW |

## DEFENDANT ABBOTT LABORATORIES' FIRST SET OF REQUESTS FOR PRODUCTION

Defendant Abbott Laboratories ("Abbott"), by its attorneys and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Plaintiffs produce, for inspection and copying at the offices of Donnelly, Conroy & Gelhaar, LLP, 1 Beacon Street, 33rd Floor, Boston, Massachusetts, the documents described below in accordance with Rule 34 and the definitions and instructions set forth herein, within 30 days after service. Abbott also requests that Plaintiffs seasonably amend or supplement their response hereto in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.      "Abbott" shall mean, Abbott Laboratories, its officers directors, agents, employees, or other persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

2.      "Hancock" shall mean, John Hancock Life Insurance Company, John Hancock Variable Life Insurance Company, and Investors Partner Life Insurance Company, their predecessors, successors and assigns, and any of their affiliates, officers directors, agents, employees, or other persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on their behalf.

3.      "Complaint" shall mean the Complaint filed by Hancock in this case.

4.      "Hancock's affirmative defense" shall mean the "Additional Defenses" pled by Hancock in "Plaintiffs' Answer to Defendant's Counterclaim" in this case.

5.      "Plaintiffs," "you," and "your" shall mean any person or entity within the above definition of Hancock.

6.      "Defendant" shall mean any person or entity within the above definition of Abbott.

7.      "Agreement" or "Research Funding Agreement" is the Research Funding Agreement between Abbott and Hancock dated as of March 13, 2001.

8.      "Manulife Financial Corporation" shall mean, Manulife Financial Corporation, its predecessors, successors and assigns, and any of its affiliates, officers directors, agents, employees, or other persons (including, without limitation, its attorneys, accountants, and advisors) acting or purporting to act on its behalf.

2

9.    "Person" means any individual (including accountants and/or attorneys), committee or group of individuals, corporation, partnership, trust, association, company, or any other form of business, professional, or commercial enterprise or entity.

10.    The term "documents" is used in the broadest possible sense and shall mean all written, printed, typed, graphic, recorded or illustrative matter, computer memory, tapes or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, e-mail, letters, words, numbers, pictures, sounds, symbols or any combination thereof, correspondence, envelopes, computer printouts, teletypes, telecopies, memoranda of telephone conversations or personal conversations, diaries, calendars, time sheets, interoffice communications, records, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions, tape or disk recordings, x-rays, papers and forms filed with any court or governmental body, notes, transportation and expense logs or records, work papers, contracts, formal or informal memoranda of meetings, studies, analyses, statistical and financial statements, charts, graphs, reports or material similar to any of the foregoing, however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have, have had or can obtain access.

11.    "Communication" shall mean the recording, conveyance, or exchange of information of any kind by or with any person, representative, or entity for any purpose by any written, verbal, or electronic means or method.

3

12.    The words "and" and "or" also have the meaning "and/or." The words "any" and "all" also have the meaning "any and all."

13.    "Relate to" or "relating to" shall mean consisting of, referring to, reflecting, or being in any way legally, logically, or factually connected with the matter discussed.

14.    "Describe" shall mean to state all information known about a subject, however and whenever obtained.

15.    "Identify," when used in reference to an individual means to state: (a) his or her full name, if known; (b) his or her business or professional affiliation and official title; (c) his or her last known business and home address; (d) his or her last known business and home telephone numbers; and (e) any affiliation between that person or that person's employer and Abbott or Hancock.

16.    "Identify," when used in reference to an entity other than an individual means to state: (a) the entity's official, legal and formal name and/or the name under which the entity acts or conducts business; (b) the address of the entity's principal place of business, profession or commerce; (c) any other address of the entity's place of business, profession or commerce; (d) if applicable, the name of any (separately stated) city, county, state, or country in which the entity is incorporated or registered; and (e) the identity of the entity's principal or chief executive (and, if applicable, operating) officer or person who occupies the position most analogous to a chief executive (and, if applicable, operating) officer.

17.    "Identify," when used in reference to a contact, communication or meeting means to state: (a) location; (b) the identity of all persons present; (c) the identity of all documents which refer or relate to the meeting; and (d) the subject matter discussed.

4

18.    "Identify," when used in reference to a document means to state: (a) the type of document (e.g., letter, memorandum, telegrams, chart, etc.) or some other means of identifying it; (b) its general subject matter; (c) its date; (d) its author(s); (e) all addressees and recipients of the original or copies thereof; and (f) its present location and custodian. If any such document was, but is not longer in your possession or subject to your control, state what disposition was made of it.

19.    It is the duty of Plaintiffs in answering these requests to produce to conduct a reasonable investigation so that the answers disclose all documents available to it.

20.    With respect to any document identified or referenced in answering these requests to produce which you claim is privileged or otherwise immune from discovery, provide a list with the following information: (a) type, (e.g., letter, memorandum, handwritten notes); (b) its date; (c) its author(s); (d) all addressees and recipients of the original or copies thereof; (e) its present location and custodian; (f) a brief description of its subject matter and physical size; (g) the nature of the privilege or immunity claimed; and (h) the document request to which such documents relate.

21.    In any instance where documents, data, or information requested herein is stored on a computer, a computer hard drive, a computer mainframe, computer back-up tape or in any other electronic format, Defendant requests that Plaintiffs produce the data, information, or documents on CD ROM, computer disk, or in hard copy paper form. Further, Defendant requests that Plaintiffs produce all documentation or programs which would allow Defendant to run, read, view, print, or otherwise access any such disks, CD ROM, or other computer information.

## DOCUMENTS REQUESTED

1.    Any and all documents relating to the terms, the negotiation, or the drafting of the Research Funding Agreement, including but not limited to, notes, summaries, term sheets, correspondence, memoranda, and draft agreements.

2.    Any and all documents relating to the parties' obligations under the Research Funding Agreement, including but not limited to, notes, correspondence, analysis, summaries, approval submissions and memoranda.

3.    Any and all documents relating to any economics, payments, projections, forecasts, returns, valuations, or pricing relating to the Research Funding Agreement, including but not limited to, any notes, memoranda, financial forecasts, portfolio reviews or analyses.

4.    Any and all documents relating to the Research Funding Agreement provided at any time to Manulife Financial Corporation or any of its affiliates.

5.    Any and all meeting notes and board minutes relating to or describing the Research Funding Agreement.

6.    Any and all documents relating to Hancock's affirmative defense of unclean hands.

7.    Any and all documents relating to Hancock's affirmative defense that Abbott violated the Agreement.

8.    Any and all documents relating to Hancock's affirmative defense that Abbott failed to mitigate its damages.

9.    Any and all documents relating to Hancock's affirmative defenses of laches, waiver, and/or estoppel.

6

10.    Any and all documents relating to Hancock's affirmative defense that Abbott's claim is barred by the Research Funding Agreement.

11.    Any and all documents relating to Hancock's affirmative defense that Abbott's damages are not recoverable as a matter of law.

12.    Any and all documents relating to Hancock's affirmative defense that Abbott's claims are barred by the statute of limitations.

13.    Any and all documents requested to be identified in Defendant Abbott Laboratories' First Set Of Interrogatories.

Respectfully submitted

ABBOTT LABORATORIES

By: _Michael D._____
    One Of Its Attorneys

Lawrence R. Desideri, Esq.
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Peter E. Gelhaar, Esq.
Michael S. Dorsi, Esq.
DONNELLY, CONROY & GELHAAR, LLP
1 Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: March 25, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 3/25/04 michael D.

7