# WINSTON & STRAWN LLP

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

CITY POINT
1 ROPEMAKER STREET
LONDON, EC2Y 9HT

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

(312) 558-5600

FACSIMILE (312) 558-5700

www.winston.com

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

1400 L STREET, N.W.
WASHINGTON, D.C. 20005-3502

LAWRENCE R. DESIDERI
(312) 558-5960
ldesideri@winston.com

February 28, 2005

**BY HAND DELIVERY**

Michelle Rynne, Courtroom Clerk
  to the Hon. Douglas P. Woodlock
United States District Court
District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way - Suite 2300
Boston, Massachusetts 02210

      Re:    John Hancock Life Insurance Company, et al. v. Abbott Laboratories, Civil Action No. 03-12501-DPW

Dear Ms. Rynne:

      I represent Abbott in the above-referenced civil action. At the hearing which occurred on February 16, 2005, at which the Court addressed the merits of this "case stated," the Court posed several questions concerning whether Abbott had a right to cure an alleged breach of the subject Agreement. Having had an opportunity now to review the transcript of the hearing (principally at 56, 59, 78-79, and 83), regrettably, I was only partly responsive to the Court's questions.

      Accordingly, I would respectfully refer the Court's attention to Section 11.2 of the Agreement, which provides that "[i]t is the parties' express intent that consideration shall be given to remedying any breach of the Agreement through the payment of monetary damages or such other legal or equitable remedies as shall be appropriate under the circumstances. . . ."

      I would also direct the Court's attention to the following authorities concerning the common law remedy of cure: *Stanley Gudyka Sales Co. v. Lacy Forest Prods. Co.*, 915 F.2d 273, 277 (7th Cir. 1990) (construing Illinois law), *cited* in II E. Allen Farnsworth, *Farnsworth on Contracts* § 8.17 (3d Ed. 2004) ("Even though a breach is serious enough to justify the injured party's suspending performance, the party in breach often can 'cure' the breach by correcting the deficiency in performance."); Restatement (Second) of Contracts § 237 ("[I]t is a condition of each party's remaining duties to render performance . . . that there be no *uncured* material failure

**WINSTON & STRAWN** LLP

Michelle Rynne, Courtroom Clerk
February 28, 2005
Page 2

by the other party to render any such performance due at an earlier time") (emphasis added); *id.* §§ 242, 242 (circumstances significant in determining whether failure is material and remaining duties discharged include likelihood that party failing to perform "will cure his failure"); 8 Catherine M.A. McCauliff, *Corbin on Contracts* § 33.8 (Rev. Ed. Joseph M. Perillo, ed. 1999) ("To foster good faith in the performance of bargains, the Restatement relies on the UCC in adopting the concept of 'cure' for contracts in general."); *id.* § 36.7 at 349 ("Cure also fits in with helping to prevent the forfeiture of the contractor's bargain. Cure gives a contractor a second chance to perform according to the contract."); *see also Chariot Holdings, Ltd. v. Eastmet Corp.*, 505 N.E.2d 1076, 1082 (Ill. App. Ct. 1987) ("Even where the contract contains an express clause stipulating that 'time is of the essence,' Illinois courts will inquire into the situation of the parties and the underlying circumstances to determine whether a delay in performance resulted in a 'material breach.'").

I would greatly appreciate it if you would bring these authorities to the Court's attention, along with my apologies for not having done so during the hearing. Thank you.

Very truly yours,

*Lawrence R. Desideri*

Lawrence R. Desideri

cc: P. Gelhaar
B. Davis