# CHOATE, HALL & STEWART LLP

BRIAN A. DAVIS, P.C.
DIRECT DIAL: 617-248-5056
EMAIL: BAD@CHOATE.COM

EXCHANGE PLACE
53 STATE STREET
BOSTON, MASSACHUSETTS 02109-2804

T (617) 248-5000   F (617) 248-4000
www.choate.com

FILED
IN CLERK'S OFFICE

2005 MAR -4  A 11: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

March 4, 2005

BY HAND

Ms. Michelle Rynne, Courtroom Clerk
 to the Honorable Douglas P. Woodlock
UNITED STATES DISTRICT COURT
John Joseph Moakley United States Courthouse
One Courthouse Way - Suite 2300
Boston, Massachusetts 02210

Re:   *John Hancock Life Insurance Company, et al.*
      *v. Abbott Laboratories*
      U.S.D.C. Civil Action No. 03-12501-DPW

Dear Ms. Rynne:

I write on behalf of plaintiffs John Hancock Life Insurance Company, *et al.* in reply to the letter that Attorney Lawrence Desideri submitted on behalf of defendant Abbott Laboratories on February 28, 2005. I do not wish to unnecessarily prolong the debate concerning the parties' respective claims and defenses in this matter. I feel compelled to state, however, that Mr. Desideri's suggestion that Section 11.2 of the Agreement somehow grants Abbott a relevant "right to cure" is incorrect. Section 11.2 (which is titled "Termination; Material Breach") has absolutely no bearing on the present dispute for the simple reason that it was not a "breach" of the Agreement, let alone grounds for "termination" of the same, for Abbott to fail to demonstrate in any of its Annual Research Plans its "intent and reasonable expectation to expend on Program Related Costs during the Program Term an amount in excess of the Aggregate Spending Target." The parties included that language in Section 3.4(iv) of the Agreement because they understood that Abbott's R&D spending might drop dramatically if a significant number of Program Compounds failed prematurely. They further agreed that, in the event Abbott ever failed to meet its affirmative burden of demonstrating that its planned R&D spending over the Program Term would exceed the Aggregate Spending Target, the effect would be to terminate "John Hancock's obligation to make any remaining

Letter to Ms. Michelle Rynne
UNITED STATES DISTRICT COURT
March 4, 2005
Page 2

Program Payments for any succeeding Program Years," rather than give rise to a claim against Abbott for breach of the Agreement.

It is undisputed that fully two-thirds of the Program Compounds already had been discontinued by Abbott as of late 2002. Given that fact, the terms of Section 3.4(iv) have played out exactly as the parties contemplated by automatically reducing John Hancock's required investment to an amount more in keeping with Abbott's own severely reduced spending plans, as well as the greatly diminished commercial prospects for the Program Compounds as a whole. No associated breach has been alleged by John Hancock in this action. There was, and is, no need for Abbott to "cure" anything. The Agreement is simply operating as intended.

Mr. Desideri's further suggestion that Abbott has a "remedy of cure" under Illinois common law suffers from the same basic misconception. Both of the cases cited by Abbott concern the rectification of contractual breaches. Because no breach has been alleged by John Hancock, no common law remedy of cure is necessary or available.

I respectfully request that you provide His Honor with a copy of this letter along with Mr. Desideri's letter of February 28, 2005. Thank you for your assistance and consideration.

Very truly yours,

Brian A. Davis

cc:  Lawrence R. Desideri, Esq. (by fax and regular mail)
     Peter E. Gelhaar, Esq. (by hand)
     Karen Collari Troake, Esq.

3836920v1